Henderson Trust Co. v. Stuart.

CASE 23—ACTION BY JOHN H. STUART AGAINST HENDERSON TRUST CO., &C., TO RECOVER DAMAGES FOR THE LOSS OF INSURANCE ON PROPERTY, RESULTING FROM NEGLIGENCE OF DEFENDANT—MARCH 29.

## Henderson Trust Co. v. Stuart.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

FAILURE TO HAVE INSURANCE COMPANY TO EXTEND VACANCY PERMIT—LIABILITY THEREFOR—WHEN NEGLIGENCE IS A QUESTION FOR THE COURT.

Held: 1. It is the duty of an executor or trustee to preserve the estate in his hands and protect it from loss, and he is held to such care in the management of the estate, as a competent person would ordinarily exercise under like circumstances in reference to his own affairs.

2. In this case all that was necessary on the part of the defendant to keep the policy alive, was to have the "vacancy permit" ex-

tended, and its failure to do this manifest duty was negligence, and it is liable for the injury resulting therefrom.

3. Negligence is a question for the court where the facts are admitted or established by undisputed testimony.

YEAMAN & YEAMAN FOR APPELLANTS.

(No brief in record.)

MONTGOMERY & MERRITT FOR APPELLEE.

1. It is alleged in the petition and not denied in the answer by the defendant, Henderson Trust Co., that an agreement was made for the extension of the vacancy permit after the expiration of the thirty days, but the defendant, Trust Co., did not apply for it, and that it would have been granted if it had been applied for.

2. No ordinarily prudent person would have neglected his own affairs to such an extent. Trustees are expected to act on the same principles which govern cautious and prudent men in the transaction of their own affairs. Am. & Eng. Ency., vol. 27, p. 146; Leitchfield v. White, 57 A. D., 536 (N. Y.); 60 A. D., 384 (Wisconsin); Brill v. Stokes' Leading Cases in Equity, vol. 2, part 11, p. 985; American Notes by F. M. Dickerson; Caledonian Ins. Co. v. Cook, 41 S. W. R., 230; Colebrook on Collateral Securities, sec. 90; Andrews v. U. C. L. I. Co., 44 S. W. Rep., 610; 7 Bush, 216; Am. & Eng. Ency., vol. 27, p. 146.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The first error relied on by appellant for a reversal of the judgment rendered against it in the trial court is that the court erred in overruling its general demurrer to the petition of appellee. The petition sets forth, in substance, that Mrs. Stuart sold a house and lot to Mary H. Berner, and took notes for the purchase money, retaining a lien for their payment, and that under the contract of sale, as further security for the purchase money, Mrs. Berner insured the house against loss by fire in the sum of $2,000, and had the policy made payable to Mrs. Stuart as her interest might appear; that, shortly after the sale, Mrs. Berner died, and that appellant, the Henderson Trust Company, qualified as her administrator with the will an-

Henderson Trust Co. v. Stuart.

nexed, and also as guardian of Mary Wilke, the devisee of the house and lot under the will of Mrs. Berner, and that it took possession of the property, and also of the policy of insurance, under an agreement with appellee that it would look after both; that the house became vacant, in violation of the terms of said policy, and, to prevent voidance of the policy, the appellant procured from the insurance company on the 1st day of April, 1896, a "vacancy permit" for thirty days, amd it is alleged that the insurance company agreed that if the property was still vacant at the expiration of the thirty days the permit would be extended for an additional thirty days upon application; that the house was still vacant at the expiration of the "vacancy permit," but that the appellant neglected to ask for or to procure an extension thereof, and that in fourteen days after the expiration of the thirty days allowed the house was burned, and became a total loss; that the appellant trust company sued the insurance company, making appellee a party defendant, and that recovery was defeated on the ground that "the policy had become void by reason of the aforesaid vacancy." And it is insisted that appellant was negligent in permitting the house to remain vacant, and in failing to ask for an extension of the "vacancy permit," and that it is liable for the damages accruing by reason of such negligence.

It is insisted for appellant that the allegations of the petition are insufficient to support a cause of action, because there is no allegation therein that the insurance company was under any obligation to carry the insurance while the property was vacant, or to have granted a request for an additional "vacancy permit" if it had been made; that, under the averments of the petition, the in-

surance company was under no legal obligation to have extended the "vacancy permit," even if it had been applied for; and that a recovery should not be permitted upon a mere speculation or surmise as to what it might have done gratuitously if application had actually been made to it.

It is the duty of an executor or trustee to preserve the estate im his hands, and to protect it from loss, and he has ordinarily the power to do whatever may be necessary for that purpose. While he is not the guarantor of the safety of the property, he is held to such care in the management of the estate as a competent person would ordinarily exercise under the same circumstances in reference to his own affairs (see Messmore v. Stone, 6 Ky. Law Rep., 596; 11 Am. & Eng. Enc. Law [2d Ed.] p. 944); and the Henderson Trust Company owed the same duty to protect the property, and preserve it from injury and destruction, that a careful person would ordinarily have exercised under the same circumstances if the property had belonged to him. There is no statute in this State which requires an executor to insure real estate in his hands against loss by fire, and the failure to take out such insurance is not necessarily such negligence as, in case of loss, will render the executor or trustee liable for its value, but is a question to be determined from the facts of each particular case; and the cost of the insurance, the value of the property, its liability to destruction by fire, and whether or not the executor had money in his hands that could have been used for that purpose, are the cardinal elements to be considered.

But in this case no money was needed. The insurance had already been paid, and all that was necessary on the part of the defendant to keep the policy alive was that it

Henderson Trust Co. v. Stuart.

should have made application to the insurance company for the extension of the "vacancy permit"; and it seems to us that the failure of the appellant to make such application was such negligence in the care of the property as to make it liable for the injury resulting therefrom. In the answer filed by the Henderson Trust Company there is no denial of the averments of the petition that the "vacancy permit" would have been extended upon application, and that no application or effort was made to get same done; and the president of the company frankly admits in his testimony that the failure to make application for the extension of the "vacancy permit" was due to an oversight of the clerk in the company's office who had charge of these matters. The demurrer was, therefore, properly overruled.

Negligence or the absence of care is always a question of fact for the jury when there is a reasonable doubt as to the facts or inferences to be drawn from them; but, when the facts are either admitted or established by undisputed testimony, it is the duty of the court to declare the law applicable to them. See Field, Neg. section 519; Railway Co. v. Wallace, 101 Ky. 637, (42 S. W. 744), (43 S. W. 207). In this case we have these facts admitted in the pleadings: That appellant, as executor, took charge of the policy of insurance and property, and it became vacant in violation of the provision of the policy; that a vacancy permit was granted for thirty days, and the insurance company agreed that it would be extended upon application at expiration if desired; and that this application was not made on account of the oversight and negligence of the appellant company; and that the property was destroyed, and the loss of the insurance was directly attributable to such negligence. Under these circumstances we think it was

the duty of the court to declare as a matter of law that appellant had not exercised such care in the management of this property as a competent person would ordinarily have exercised under the same circumstances with reference to his own property. This is, in substance, the effect of the instruction given in this case, and upon the whole facts we are of the opinion that appellant has not been prejudiced. The judgment is affirmed.