## Williams v. Louisville Railway Company.

(Decided March 17, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch No. 4).

1.   Personal Injuries—Trial—Negligence.—Where upon the trial of a personal injury action the facts are admitted, or are shown by uncontradicted evidence, it is the duty of the Court to declare to the jury whether they constitute negligence; and is error to leave to the jury to determine whether there has been negligence.

2.   Personal Injuries—Injury to Pedestrian — Negligence. — Where workmen engaged in repairing a street car track are unloading heavy steel rails at or near a crossing in a city where pedestrians are passing every minute of the day, and left one of said heavy rails placed in position on this crossing, but not fastened or spiked, and while that rail was in that condition, unloaded another rail from a wagon at a place where in the unloading it struck against the loose rail and turned it over so that it injured a pedestrian who was stepping over the loose rail at the time, there was negligence as a matter of law.

BRUCE & BULLITT and GROVER G. SALES for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and EUGENE R. ATT-KISSON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

This is an action for personal injuries by appellant. There is no general charge of negligence, but it is specifically alleged that on August 13th., 1912, while the defendant was laying steel rails along Portland Avenue in Louisville, and while plaintiff was attempting to cross said avenue, at a point where she had a right to cross, and just as she was in the act of crossing one of the said rails which had been set in position, but had not been secured in place, defendant negligently and carelessly struck said rail causing the same to fall over and upon the plaintiff whereby she received serious injuries.

Upon the trial in the Circuit Court the jury found for the defendant, and the plaintiff has appealed.

The chief ground relied upon for reversal, and the only one necessary to consider, is that under the undisputed evidence in this case it was the duty of the court to have told the jury, as a matter of law, the defendant was guilty of negligence, and that they must therefore find for the plaintiff.

The plaintiff's own evidence is that on the day in question, while going to her home near there, she had occasion to cross Portland Avenue at the intersection of 28th., street, and was crossing at the point where the cars stopped to take on and let off passengers; that she stepped with one foot on the end of the tie and stepped with the other foot over the rail in question, which was lying on the ties, and just at that time she heard the rattling of iron and the rail over which she was stepping turned over on her and injured her ankle and leg; that just as she heard this she, for the first time, noticed that some short distance away was a wagon and a lot of workmen, and that when a rail was thrown off the wagon it struck the rail over which she was stepping and turned it over; that she did not know and had not observed that the rail over which she had stepped was not spiked down.

The foreman in charge of the unloading of the rails corroborated the evidence of the plaintiff in every material respect; in fact he explained more satisfactorily how the injury occurred than she did. He stated that they were unloading heavy steel rails sixty-two feet long, weighing over 2,100 pounds each; that there were six rails on the wagon and the first one had been unloaded and had been placed on the other side of the track, and the second one, being the one over which appellant stepped, had been unloaded and placed in position about fif-

teen minutes before the accident happened; that it had
not been spiked down at the time, but the wagon had been
driven up a short distance, and when they unloaded the
third rail from the wagon it struck the other rail and
turned it over; that at the time his back was toward the
plaintiff, but he immediately heard her screams and went
to her, and the men raised the rail, and she pulled her
foot out from under it; that at the point where she was
injured there was a great deal of crossing, and pedes-
trians were crossing there every minute of the day; that
in unloading rails he had seen similar occurrences be-
fore and since, and there was no way to avoid them, in
unloading such heavy material.   Only three other wit-
nesses who were present testified, and their evidence in
no material respect differs from that of the plaintiff and
the foreman.

Under this evidence the Court gave the following
instruction:

"1.   That it was the duty of the defendant, in lay-
ing its track along Portland Avenue, to exercise ordi-
nary care to prevent injuries to pedestrians using said
street or the intersection of said street, and if you be-
lieve from the evidence that at the time and place men-
tioned in the petition, as the plaintiff was attempting to
cross Portland Avenue at the intersection of Twenty-
eighth Street, the employees of the defendant, while en-
gaged in laying track along Portland Avenue, did negli-
gently or carelessly strike or jar one of the rails off its
track which had been set upon edge on the ties but not
fastened securely in place, causing the same to fall over,
against or upon the plaintiff and that by reason thereof
she sustained the injury of which she complains in her
petition, then the law is for the plaintiff and you should
so find, but if you believe from the evidence that the em-
ployees of the defendant did not negligently or carelessly
strike or jar said rail, causing the same to fall over,
against or upon the plaintiff, whereby she was injured
as complained of in her petition, then the law is for the
defendant and you should so find."

It has long been the rule in this State that where
the facts are admitted or shown by uncontradicted evi-
dence, it is the duty of the court to declare to the jury
whether or not they constitute negligence, and that it is
improper under such conditions to leave to the jury the
determination of the question whether there has been
negligence.   In this case there is no conflict, whatever, in

the evidence as to how this accident occurred; these workmen were unloading exceedingly heavy rails at and near a crossing in a city where pedestrians were passing every minute of the day; they left a loose rail unfastened lying on this crossing for from five to fifteen minutes, and while that rail was in that condition they proceeded to unload another rail at a place where, as shown by the foreman himself, it was liable to knock against the loose rail and turn it over as it did; the foreman at the time having his back towards this crossing where he knew persons were passing every minute. Taking into consideration the nature of this crossing and how many foot-travelers passed there and the danger of unloading this heavy material at such a place, it cannot be doubted that the undisputed evidence in this case shows negligence upon the part of the Company as a matter of law.

The lower court therefore erred in submitting to the jury the question of whether the Company had been guilty of negligence.

Ashland Coal & Iron Ry. Co. v. Wallace, 101 Ky., 626; Henderson Trust Co. v. Stuart, 108 Ky., 167; Louisville & Portland Canal Company v. Murphy's Admr., 9 Bush, 533; Lancaster v. Walter, 25 K. L. R., 2189; Paducah & Memphis R. R. Co. v. Hoehl, 12 Bush, 41, at page 47; L. & N. v. Bredding, 13 K. L. R., 397.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.