# A. H. Y. Color and Chemical Co., Inc., v. Silver

*Frank A. Simons,* for plaintiff.

*Mayer, Magaziner & Brunswick,* for defendant.

LEWIS, J., November 22, 1933.—This is an action of trespass to recover the sum of $157.82, damage allegedly sustained as the result of defendant's failure to insure against loss by fire personal property which came into his possession as receiver in bankruptcy of Jacob Coff, individually and trading as Coff Dye Works. On August 5, 1931, defendant was appointed temporary receiver and was granted authority to continue to operate the business for a period of 30 days. On August 12, 1931, he was appointed permanent receiver, under a bond in the sum of $25,000, which bond he did not file, although he had previously as temporary receiver filed a bond in a similar amount. He was also granted leave to continue the business for an additional period of 30 days. In the conduct of the bankrupt's business, defendant purchased merchandise from the plaintiff in the aggregate sum of $213. On September 8, 1931, a fire broke out in the premises then occupied by the defendant as receiver and destroyed assets belonging to the bankrupt estate of an alleged value in excess of $10,000.

Plaintiff asserts that, had the defendant not failed and neglected to procure fire insurance covering the assets of the bankrupt estate, there would have been realized a fund sufficient to have paid plaintiff's claim in full. Allowing a credit for the portion of the merchandise which was returned to plaintiff and the dividend received in the bankruptcy proceedings on proof of claim filed, the action here is to recover the deficiency in the amount heretofore stated.

Plaintiff's claim is resisted by defendant, who, in an affidavit of defense, pursuant to section 20 of the Practice Act of 1915, raises various questions of law, contending that the statement of claim fails to set forth a valid cause of action.

A receiver is not ordinarily held to be personally liable for the price of goods purchased or debts contracted by him in his official capacity in the authorized

conduct of a business. On the other hand, if he performs acts beyond the plain letter of his authority as contained in the order of the court by which he is appointed, or if he is negligent or fails to perform the duties imposed upon him, he must bear the consequences and be personally charged with any resulting loss. A receiver, in caring for the property or managing the business over which he has been appointed, is bound to proceed with at least ordinary care, and if he fails to exercise this degree of care he becomes answerable for the consequences of his neglect or dereliction. The measure of his obligation is quite analogous to that of an administrator or guardian. It has been said in Semans v. United Lumber Co., 281 Pa. 404, 408, that receivers "should be held to a degree of care reasonably consistent with business undertakings. In assuming the office . . . they virtually certify to their capacity to act and should not be excused for lack of ordinary business ability"; they are not, merely by their official cloak, relieved of liability for losses occurring through their personal negligence or misconduct in the administration of property in their charge.

"There are cases", says Mr. Clark, in Law and Practice of Receivers, 512, "wherein a receiver may be guilty of acts of omission or commission, damages for which acts cannot in good conscience be charged against the trust estate. A Court when ordering a receiver to run a business, cannot be presumed to order the same run in a negligent manner. Therefore, when a receiver does act in a negligent manner he generally steps out and beyond the Court's order, and in doing so is personally liable."

What, then, is the duty of the receiver with reference to insurance? Generally, it is the receiver's obligation to preserve and protect the property for the benefit of all persons interested. He is accordingly authorized to perform any act required to preserve the property for the protection of those for whom it is held and administered. And it cannot be doubted "that under some circumstances a receiver would be derelict in duty, if he did not cause property in his hands to be insured against fire": Thompson v. Phenix Insurance Company, 136 U. S. 287, 293, 294. We think that a receiver is required to adopt such precautions against loss of property by fire as prudent men are under similar circumstances accustomed to exercise to indemnify themselves against such casualties, or, otherwise stated, to exercise reasonable care in the administration of his trust: Rubottom v. Morrow, Administrator, 24 Ind. 202. The circumstances of each case should be considered in determining whether the fiduciary has acted in good faith and with such prudence and diligence as to relieve himself from liability for loss. His duty is active and not passive. As has already been pointed out, his duties are quite analogous to that of other fiduciaries. An administrator has been held liable for a loss resulting from neglect to have a "vacancy permit" issued by an insurance company extended, the property having been destroyed by fire within the time for which the company had agreed to extend the permit upon application: Henderson Trust Co. v. Stuart, 108 Ky. 167. "It is the imperative duty of every court to scrutinize their [trustees'] management of trust property and hold them personally responsible for any loss which may result from their misconduct, mismanagement or want of reasonable care and prudence in the discharge of their duties": Martin et al. v. Andrews et al., Executors, 59 Misc. 298, 307, 111 N. Y. Supp. 40.

Since nothing more than good faith and ordinary care was required of the defendant: 53 C. J. 164; the failure to take out insurance is not of itself such negligence as will render him liable for the value of the assets lost: Hamm, Receiver, v. J. Stone & Sons Live Stock Co. et al., 13 Tex. Civ. App. 414, 35 S. W. 427. Cf., Brown's Guide, Federal and Bankruptcy Practice, sec. 250. His liability is a question to be determined, as in other actions involving negligence,

from the facts and circumstances of the case as the same may be developed at the trial. It is a matter for the determination of a fact-finding tribunal. The cost of the insurance, the value of the property, its liability to destruction by fire, and whether or not defendant, as receiver, had money in his hands that could have been used for that purpose, all are elements which ought to be considered: Henderson Trust Co. v. Stuart, supra. These questions, of course, cannot be summarily adjudicated, since only at a trial can it be determined whether or not plaintiff's loss was the direct or proximate cause of the alleged negligence of the defendant, as well as the damage resulting therefrom.

Leave of court is not a condition prerequisite to an action against a receiver in his individual capacity, where the acts or omissions of the receiver are outside the due administraton of the trust or are otherwise such as to render him personally liable. "An action may be brought against the receiver [in bankruptcy] in a state court to charge him with personal liability on account of acts done or contracts made by him as receiver . . .": 7 C. J. 100.

In considering the right to have a judgment on questions of law raised in an affidavit of defense, it must appear from the statement itself, as a question of law, that plaintiff is not entitled to recover. Where as here there are doubts regarding this, they must be resolved against entering a summary judgment: Rhodes v. Terheyden et al., 272 Pa. 397. The questions of law raised in the affidavit of defense are determined against the defendant, with leave, etc.