## Flowers v. Logan County.

· (Decided June 11, 1912.)

## Appeal from Logan Circuit Court.

1. Counties—Officers and Agents—Accounting and Settlement.—An officer or agent of the county, entrusted with the expenditure of a fund, appropriated for a specific purpose—the building of a bridge—cannot recover from the county that portion of such fund disbursed by him upon the public roads, without an order of the fiscal court authorizing him so to do.

2. Limitation of Actions.—A claim of a county officer for services, rendered during his term of office, is barred, where no action thereon has been begun until more than five years after his term of office expired.

3. Counties—Contracts—Officers and Agents — Compensation. — A county can be bound by contract, only in the manner and for the matters allowed by statute; and it is not liable for the value of services rendered by one claiming to have acted as a committee in superintending work on the public roads, where such services were neither authorized nor ratified by an order of the fiscal court.

S. R. CREWDSON, BROWDER & BROWDER for appellant.

· E. J. FELTS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

For some years prior to January 1, 1906, J. S. Flowers was a justice of the peace in Logan County, Kentucky, and, by virtue of his office, a member of the

fiscal court. In January, 1911, he instituted a suit against Logan County, in which he sought to recover certain money, alleged to be due him, on account of services rendered the county, in December, 1905, and in the early part of 1906, as supervising committee in the building of a bridge, and in the repair and upkeep of certain county roads. He also sought to recover $241, alleged to be due on account of money paid by him for work on the roads, without any order or direction of the fiscal court so to do. The county attorney, representing the county, filed an answer denying that the plaintiff was entitled to recover anything whatever, on account of the alleged services. Proof was taken by depositions, and the case submitted for judgment. The chancellor held that the plaintiff was entitled to recover nothing, and dismissed his petition. The plaintiff appeals.

The claims, upon which appellant sought to recover, arose in the following manner: In October, 1905, appellant procured under an order of the Logan Fiscal Court, which was held to be void, two warrants; one, for $450, and the other for $1,200. He discounted them at six per cent and received therefor $1,552.40. Of this amount, he paid $1,108.17 for the construction of a bridge over Muddy river, and alleged that he had expended $260, the balance remaining in his hands, for repairs upon roads of the county. In litigation which followed, the payment for the cost of the bridge was upheld, and judgment was rendered in favor of George L. Gillum & Son, who had discounted the warrants, against appellant for the balance of the money in his hands, to-wit: $454.83, and appellant was compelled to, and did, pay said sum over to the said Gillum & Son. In that litigation, appellant sought to have allowed him, his claim for the money expended by him upon the public roads, but the court, in that case, did not enter into a consideration of the rights of appellant, as between himself and the county, but simply determined the rights of Gillum & Son, as between them, the county and appellant. Milliken, Treasurer v. Gillum, &c., 135 Ky., 280. The $241, set up in the petition herein, is the same money which, in the suit of Milliken, Treasurer v. Gillum, &c., appellant sought to have allowed, except, in that suit, he alleged he had expended $260 upon the county roads, whereas, in this suit, he is asserting claim for but $241. He admits that this money was a part of that which he received from the

county for the express purpose of building the bridge, but alleged that it was not used or necessary for that purpose, and he, without any special direction so to do, appropriated $241 of the balance remaining in his hands, toward the upkeep of the public roads in his county. The question, therefore, arising upon this item of appellant's claim is: Has a public official, charged with the custody of public funds set apart for a particular purpose, the right to appropriate same to another public use, without any authority or direction from the governing authority so to do?

In a county, the governing authority is the fiscal court, and it can only speak through its records made at a regular or called session, at which, at least a majority of the members composing the court must be present and participate. Where money is appropriated, the order making the appropriation must specify, not only the amount thereof, but the purpose for which it is to be used. After an appropriation has been duly passed by the court, and the order evidencing same entered upon the records kept by the court and signed by the presiding officer, it, of course, becomes the duty of someone, delegated for that purpose, to expend or pay out the money so appropriated. This duty may be, and frequently is, imposed upon a member of the court. Where this is done, such member must look for his authority to the order of the court making the appropriation. He becomes, as it were, a trustee for the purpose of carrying out the provisions of the order of the court, with reference to this particular fund. As said order is his only authority for acting at all, if he expends the money for any purpose, other than that set out in the order, he necessarily does so at his peril. He has no discretion as to what the money shall be expended for. His appointment and authority simply go to the extent of authorizing the payment of the money for the purposes, for which it was appropriated. If, for any cause, it turns out that the money is not required, or used, for the purpose for which it was appropriated, it is the duty of the official to report this fact back to the fiscal court and accompany the report with the money; or, if he finds that the total amount appropriated for a particular improvement, is not needed or required to pay for said improvement, then it is his duty to report this fact back to the court and accompany his report with

the money remaining in his hands unexpended. This course should have been followed by appellant. Instead of doing so, he used the money, to the extent of $241 sued for, not needed in payment for the bridge, to repair the public roads of the county. It is possible that they were in need of repair, but the fiscal court, and not appellant, was charged with the duty of looking after the public roads; and, if they were in need of repair, such necessity should first have been determined by the fiscal court and a sum sufficient to make the repairs appropriated for that purpose; and, until such action was taken by the court, the funds of the county could not be used to make such repairs, no matter how urgent the necessity therefor may have been. Since appellant was without authority to expend upon the public roads the $241 payment of which he now seeks from the county, his plea that it was used by him for the benefit of the traveling public in that county, is of no avail.

The next item, presented in appellant's claim, is one for $45 for superintending the building of the bridge, to which we have referred. This service is alleged to have been rendered by appellant while he was a member of the fiscal court, and hence, prior to January 1, 1906.

In addition to denying that any service, as sued for, was rendered by appellant, the county denied that he was appointed a committee to superintend the building of the bridge, or that he was entitled to any pay for any services rendered the county in such capacity, and also pleaded the five years statute of limitations.

From the conclusion which we have reached relative to this particular claim, it is unnecessary to enter upon a consideration of the question of appellant's appointment, for the reason that this service, if rendered at all, having been rendered prior to January 1, 1906, and the suit not having been commenced until after the lapse of more than five years, the claim was clearly barred. Kentucky Statutes, section 2515.

The third and last item is for services alleged to have been rendered from December, 1905, until about June, 1906, as committee in looking after work upon public roads of the county. The exact date upon which this service is alleged to have commenced is not given, but it is simply stated, from sometime in December. Since, neither the pleadings nor the account stated the time in December when this service began, we hold, constru-

ing the pleadings most strongly against the pleader, that it commenced on December 31st, the day upon which appellant's term of office as justice of the peace for said county, expired. There was then, none of this service, or at least not more than one day thereof, rendered by appellant during the time that he was a member of the fiscal court. There is no order of the fiscal court conferring upon appellant any authority to represent the county after his term of office expired. The members of the court, whose term of office expired January 1, 1906, did not attempt to give to appellant employment beyond their term of office, and it is not pretended that the incoming court made any order whatever looking to the employment of appellant, as a committee to superintend the repair of the county roads.

A consideration of this item of appellant's claim raises the question: May an individual compel a county to pay for services of this character, where there is no order directing the work to be done, or approving or accepting the work after it has been done?

This identical question was before this court in Wortham v. Grayson County Court, 13 Bush, 53, wherein Charles Wortham, the clerk of said court, was seeking to enforce the payment of an account, amounting to $255.69. The county denied liability. Upon trial in the lower court, the claim, with the exception of $123.44, was allowed and ordered paid. An appeal was prosecuted to this court, and upon consideration, the court, in response to the contention of the clerk that certain fees should be paid by the county, where the statute authorized their payment, but failed to say by whom they should be paid, said:

"It is a sufficient answer to state that the state and county governments of this country never become debtors by implication, to any of their agents, and that in order to hold them, or any of them, responsible for a claim, the claimant must show a legal obligation on their part to pay it."

Again, in the later case of Commonwealth v. Boske, &c., 30 Rep., 400, it was held that a county could not be sued and made to pay back to its citizens, taxes which had been wrongfully collected by a county official and by him paid over to the county. In this case, it was conceded that, if the citizens had proceeded against the collecting officer while the money was yet in his

hands, the suit might have been successfully prosecuted; but, having permitted the county to receive the money from the officer, the citizens were without remedy, so far as the county was concerned, and could not recover money from it by suit. This opinion is rested upon the same principle announced in Wortham v. Grayson County Court, supra, to-wit: That a county cannot create a debt by implication.

In the still later case of Owen County v. Walker, 141 Ky., 516, Walker, the clerk, was attempting to enforce the payment of certain fees, which the county was resisting on the ground that there was no authority of law for their payment. In disposing of the question upon review here, the court said:

"The fiscal court speaks only by its records. The absence of a record either ordering the work to be done, or agreeing to accept and pay for it after it was done, is conclusive against the claim for the services, however valuable they may have been, and whether or not the public and fiscal court have used the work, and resort to it daily for information; and irrespective of the fact that by its nature the work must remain in the county clerk's office as the property of the public. It has been time and again declared by this court that a county is but an integral part of the State's political government; that the fiscal court is a body of limited powers; that to bind the county by contract it can do so only in the manner and for the matters expressly allowed by statute."

The claim of a private citizen is of no higher dignity than that of a servant or employe of the county; and, although it be conceded that appellant rendered all the services, for which he is here seeking pay, he cannot require the county to pay for it, for the simple reason that the fiscal court of Logan County neither authorized the work to be done nor agreed to accept and pay for it, after it was done.

For the reason indicated, the judgment of the lower court rejecting the several items, sued for, is affirmed.