## Pulliam v. Gentry.

(Decided January 23, 1925.)

### Appeal from Owen Circuit Court.

1. Fraud—Plea of Gross Carelessness in Making Subscription for Stock Without Investigation Held Demurrable.—In action for fraud in sale of stock, court properly sustained demurrer to answer that plaintiff was guilty of gross carelessness in making subscription without investigation, and that he could have verified defendant's representations to be untrue thereby, where plaintiff alleged that by reason of previous associations he reposed special confidence in defendant, and consequently made no investigation.

2. Fraud—Plaintiff Buying Stock Held Not to have Waived Right Against Defendant by Accepting Guaranty from Another Joint Wrongdoer.—In action for fraud in sale of stock, plaintiff did not, by accepting from another joint wrongdoer a written guaranty of the stock, waive his right to rely on any representations made by defendant.

3. Torts—Injured Party May Proceed Against Joint Wrongdoers Either Jointly or Severally.—An injured party may proceed against joint wrongdoers either jointly or severally.

4. Judgment—Against One Tort-Feasor Does Not Preclude Suit Against Other.—If injured party elects to sue one of joint wrongdoers alone, he is not thereafter precluded from seeking a recovery against the other, unless he has theretofore in some way received satisfaction from the first.

5. Fraud—Evidence of Similar Representations to Other Parties in Sale of Stock Held Admissible.—In action for fraud in sale of stock, evidence as to similar representations made to other parties by defendant, at and about same time, and with reference to same corporation and stock sold plaintiff, was competent to show that intent to sell stock was fraudulent.

6. Fraud—Statements on Sale of Stock Held Representations of Existing Facts.—Representations of defendant in sale of stock that corporation was owner of property for which it had a standing offer of $300,000.00, and that it was manufacturing certain machines, and that it had deposited $150,000.00 with the state as a guaranty against loss to stockholders were representations of existing facts.

7. Fraud—Character of Statement as Representation of Existing Fact Not Affected by Being Coupled with Statement Involving Mere Opinion.—Character of a statement in sale of stock as a representation of an existing fact that corporation was owner of property for which it had a standing offer of $300,000.00 was not affected by fact that it was coupled with a further statement that property was worth $300,000.00.

8. Fraud—Defendant Liable for False Representations, Though Receiving no Benefit.—In action for fraud in sale of stock, that defendant had no personal interest in sale and received no compensation therefor did not lessen his liability for false representation made, since an action for fraud and deceit may be maintained by injured party, either against vendor or any third person whose false representations, directly made, induced him to make the purchase.

9. Fraud—Action for Fraud Lies Against Vendor or Third Person Making Fraudulent Representations.—An action for fraud and deceit may be against vendor or any third person making fraudulent representations resulting in loss to plaintiff.

10. Trial—Permitting Jury to Determine Whether Certain Statements were Expressions of Opinion or Statements of Fact Held Error.— In action for fraud in sale of stock, held error to allow jury to determine whether certain statements made by defendant, inducing purchase of stock, were mere expressions of opinion or whether they were statements of fact.

11. Appeal and Error—Error Not Prejudicial to Appellant, where it is in His Favor.—Error is not prejudicial to an appellant, where it is in his favor.

LEO J. SANDMANN, J. G. VALLANDINGHAM and W. W. DICKERSON for appellant.

W. A. LEE and J. W. CAMMACK for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

This is an action for fraud and deceit in the sale of stock in a corporation.

Gentry as plaintiff alleges that, representing himself as the vice-president of the Perfect Steam Sterilizer Company, Pulliam made certain false representations to him which induced him to contract for $1,100.00 worth of stock in that company, of which one-half was at the time paid. It is alleged that defendant represented to plaintiff that the corporation was the owner of a patent to make steam sterilizer machines used for the purpose of sterilizing utensils about soft drink fountains and other such places; and that the patent right was worth $300,000.00, and the company had a standing offer of that amount for the patent; that the machines could be manufactured for $160.00 each and could be put upon the market and sold for $395.00 each; that the company was then manufacturing such machines and had already received orders for many of them inclosing checks in payment; that the company had deposited with the state treasurer at Frankfort, under the Blue Sky Law, the sum of $150,000.00 to guarantee stockholders against loss; that defendant had investigated the financial condition of the company and knew of such deposits with the state treasurer; that he had attended the board meetings and knew whereof he spoke, and desired the plaintiff to make some easy money. It is then alleged that all such statements were untrue and known by defendant at the time to be untrue, and that plaintiff had known defendant for a long time, and had lived in the same town with him and had been a customer at his store, and therefore relied upon the said statements of defendant, and at his solicitation subscribed for the stock. It is further alleged that the stock so purchased was worthless at the time and of no value, and that the corporation was at the time insolvent, which facts were at the time known to defendant and unknown to the plaintiff.

Upon motion the allegation that defendant represented the machines could be manufactured for $160.00 and sold for $395.00 was stricken out, evidently upon the theory that it was a mere expression of opinion as distinguished from a statement of fact.

The first paragraph of the answer controverts the essential averments of the petition; and in the second paragraph it is alleged that the plaintiff himself was guilty of gross carelessness in making such subscription without investigation, and alleges he could have verified or shown defendant's representations to be untrue by such investigation.

Other paragraphs of the answer undertook to rely upon certain alleged evidential facts in mitigation, such as the sale by defendant at and about the same time of such stock to relatives and other friends. Then in the sixth paragraph it is alleged that defendant received no compensation from the sale of such stock and had no direct or indirect interest in such sale, but that the sale was made by and solicited by one Captain Darnell, who was the representative of the company for the sale of stock, and that plaintiff relied wholly upon representations made at the time by Darnell, and in reliance upon his own judgment.

The court sustained the demurrer to the second paragraph, and the other affirmative allegations of the answer were controverted on the record.

Upon the trial a verdict was returned for plaintiff in the full amount asked, and this appeal is from a judgment entered on that verdict.

Manifestly under the authority of Hicks v. Wallace, 190 Ky. 287, the action of the court in sustaining a demurrer to the second paragraph was proper. That case distinctly holds that in actions for fraud and deceit the rule requiring investigation by the party to whom a false representation had been made has no application where the relation between the parties, or the circumstances of the case, are such as to induce one to repose trust and confidence in the statements of another. In this case it is alleged in the petition that the plaintiff and defendant had formerly resided in the same town and had had business association together, and that therefore the plaintiff by reason of such former association reposed special confidence in defendant, and consequently made no investigation of the truth of his statements.

During the trial defendant offered to file an amended answer alleging in substance that at the time of the purchase of stock by the plaintiff, and as a condition precedent to making the purchase, plaintiff demanded and received from Darnell a written contract and guaranty wherein Darnell personally guaranteed that if plaintiff should within ninety days be dissatisfied with his purchase that he, Darnell, would buy back from plaintiff said stock at ten per cent more than he paid for it, and that therefore plaintiff really made the purchase upon the faith of such guaranty made by Darnell, and did not rely upon any representation of defendant; and that by ac-

cepting such written guaranty plaintiff waived and abandoned his right to rely upon any representation so alleged to have been made by defendant. This pleading the court refused to permit to be filed, and complaint is made of this action.

The amendment is based upon the theory that because plaintiff had accepted a guaranty from one of two joint wrongdoers who had fraudulently induced him to buy worthless stock, that he had waived his right to assert his claim against the other joint wrongdoer. The rule is that the injured party may proceed against such joint wrongdoers either jointly or severally. If he elects to sue one of them alone he is not thereafter precluded from seeking a recovery against the other, unless he has theretofore in some way received satisfaction from the first. Renfrow v. Condor, 153 Ky. 701.

The evidence tended strongly to establish each of the material allegations of the petition; the plaintiff's own evidence in all material respects shows the representations as alleged were made by defendant at the time of the sale, and discloses the former relationship between the parties. The other evidence shows that no such deposit was made as claimed with the treasurer of this state, or any other person to guarantee the stockholders; it tends to show that while the corporation had a place of business in the city of Louisville it had in fact never manufactured any of the sterilizers, and had on hand only a small quantity of material from which they could have been manufactured; it tends to show that there was in fact no standing offer of $300,000.00 for the patent owned by the corporation, and that in bankruptcy proceedings instituted thereafter against the sterilizer company the whole assets of that corporation were sold at a small sum, wholly insufficient to pay even the costs and preferred debts against it. There was evidence from which it might well have been believed that defendant knew of the falsity of these representations, and that they were made to the end that appellee might rely upon them, and that in fact he did.

Likewise there was evidence given by other witnesses as to similar representations made to them by appellant at and about the same time with reference to the same corporation and the stock therein; and it is strenuously objected that this evidence was incompetent.

A similar question was involved in the case of Head v. Ogelsby, 175 Ky. 613, a case similar in many respects to this one. The court in response to that argument said:

"The purpose of it was not to show that misrepresentations were made to plaintiff, but to show the general intent of the appellants in entering into the compact for the purpose of selling the stock and to show that that intent was a fraudulent one, and that the purpose and object of it was to reap profit for the conspirators at the expense of their duped victims."

In this case the court properly admonished the jury that the admission of such evidence was alone for the purpose indicated in that opinion.

But it is said for appellant that the representations alleged were equivalent only to expressions of opinion or prophecies by him as to the future of this corporation. In this clearly counsel is in error, for certainly the representation that one is the owner of property for which he has a standing offer of $300,000.00 is the representation of an existing fact, and the fact that in making that statement he coupled with it the further statement that the property was worth $300,000.00 does not detract from the character of the other statement. Likewise the statements that the company was then manufacturing such machines, and that it had deposited $150,000.00 at Frankfort as a guaranty against loss to stockholders, were each representations of existing facts; and each of these statements was supplemented by the additional statement of fact that defendant had investigated the financial condition of the company, knew of such deposit at Frankfort, had attended its board meetings, and knew whereof he spoke.

But it is said for defendant that as he had no personal interest in the sale and was to receive no compensation therefor, he was not liable for any false representation. Clearly this position cannot be maintained, for it has been often held that an action for fraud and deceit may be maintained by the injured party either against the vendor or any third person whose false representations, directly made, induced the plaintiff to make the purchase. A distinction between an action for fraud and deceit and an action for rescission has been pointed out often; the latter of necessity must be against the vendor, while the former may be against the vendor or any third person making the fraudulent representations

resulting in the loss to plaintiff. Hindman v. First National Bank, 50 C. C. A., 637 (112 Fed. Rep. 931); 27 C. J., p. 13; 14a C. J., p. 182; Degman v. Mason County, 15 R. 876; Campbell v. Hillman, 15 B. M. 508 (61 Amer. Dec. 195); 20 Cyc. 43.

Some complaint is made of the instructions, but our examination of them discloses that they fairly and fully submitted the issues to the jury. We find, however, that in the second instruction the court appears to have submitted to the jury the question whether certain statements alleged to have been made by defendant were mere expressions of opinion or of prediction, or whether they were statements of fact. Manifestly this was error, but was error against the plaintiff.

The instruction should merely have told the jury that such statements, if made, were statements of fact, and not left to it the determination of their effect.

We perceive no error prejudicial to appellant.

Judgment affirmed.