## Calvert et al. v. Allen County Fiscal Court et al.

(Decided Jan. 23, 1934.)

THURMAN B. DIXON for appellants.
N. F. HARPER and DOUGLAS KEEN for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

David R. Calvert and other joint owners of a tract of land in Allen county instituted this action against N. F. Harper and the justices composing the fiscal court of Allen county seeking to recover the sum of $2,000 as liquidated damages because of the failure of the defendants to comply with the conditions and consideration of a contract and to fully and finally complete work and improvements as provided therein.

It is alleged in the petition that the fiscal court, in the exercise of the power and authority vested in it by law, consummated a transaction with plaintiffs in June, 1929, whereby it procured, for the use and benefit of Allen county, certain lands, rights, and easements for the purpose of building and maintaining a public road, suitable approaches to a bridge across Barren river, and the construction of certain fills and levees. There is filed with the petition a deed from plaintiffs to the fiscal court conveying a small tract of land with certain rights and privileges, wherein it is provided that the second party as a part of the consideration shall construct certain fills and levees in the way and manner set forth therein. The deed provided that if work did not begin on or before June 30, 1930, the conveyance would be null and void and that the work should all be fully completed

on the 30th day of June, 1932; and that if all the conditions expressed therein were not fully complied with by the latter date, the second party should pay to the grantors $500 for each month until full and final completion of the work, improvements, and conditions as set forth in the deed, not to exceed the sum of $2,000. It is further alleged in the petition that the work was not completed and the conditions not complied with for more than four months after June 30, 1932.

Defendants interposed a general demurrer to the petition, and in an order sustaining the demurrer it is recited that the court examined the records and found that the alleged contract made the basis of the action had never been ratified, approved, or agreed to by the fiscal court in session assembled, by any order entered of record. Thereupon, plaintiffs produced and offered to file an amended petition to which defendants interposed objections. The court sustained the objection and ordered the amended petition to be marked tendered and made a part of the record. Plaintiffs declining to further plead, the action was dismissed, and they are appealing.

In the amended petition it is alleged that at the time and in the manner alleged in the original petition the fiscal court procured from plaintiffs the land described in the deed for the purpose of erecting abutments, approaches, and a roadway over and upon lands of plaintiffs which were of the reasonable value of $500; that by order of the fiscal court, three of its members were appointed a committee and authorized to secure title to lands necessary to the erection of a bridge over Barren river at Brown's Ford and for roadway approaches, title to be obtained by purchase, donation, or, if necessary, by condemnation, and also to contract for the erection of a bridge; that pursuant to such order, the committee did procure through and by the deed filed with the original petition the lands therein described and took possession of the land and appropriated it to the use and benefit and purpose for which it was conveyed and was now using same. The petition further sets up items of damage to the land growing out of the alleged trespass and unskillful manner in which certain work had been done, for which they seek recovery in the sum of $1,500 in addition to the alleged value of the land.

The jurisdiction and general power of fiscal courts are clearly defined by law (chapter 52, Ky. Statutes, and especially section 1840 thereof), and these include authority to erect and repair bridges and to maintain highways and to appropriate funds of the county for such purposes. But fiscal courts are courts of record. Unquestionably the law invests the fiscal court of Allen county with power and authority to acquire the land in controversy for county road and bridge purposes by donation, purchase, or condemnation; but the fiscal court alone is invested with this power and cannot delegate it to others.

In the case of Flowers v. Logan County, 148 Ky. 122, 147 S. W. 918, 919, the court, in discussing the authority to appropriate the public funds of a county, said:

> "In a county the governing authority is the fiscal court, and it can only speak through its records made at a regular court session at which at least a majority of the members composing the court must be present and participate. Where money is appropriated, the order making the appropriation must specify not only the amount thereof but the purpose for which it is to be used."

While it is generally recognized that fiscal courts may appoint committees to discharge mere ministerial duties, it cannot delegate to an agent or committee any power or authority to exercise a discretion which the law has confided to it. Millikin v. George L. Gillum & Son, 135 Ky. 280, 122 S. W. 151; Kozee v. Commonwealth, 139 Ky. 66, 129 S. W. 327; O'Kelly v. Lockwood, 154 Ky. 544, 157 S. W. 1096; J. I. Case Threshing Machine Co. v. Commonwealth for use and benefit etc., 177 Ky. 454, 197 S. W. 940.

It is equally well established that one dealing with public officials, boards, or commissions must take notice of their authority to act and the law charges him with knowledge of any and all limitations upon such power. Clark County Construction Co. v. State Highway Commission, 248 Ky. 158, 58 S. W. (2d) 388.

While these rules in some instances may appear to be harsh and inequitable, they are grounded on a sound public policy. They are necessary to safeguard and prevent unwarranted and extravagant expenditure of

public funds. It is not made to appear tnat the fiscal court by purchase, or by any order, acquired or attempted to acquire from appellants by purchase or otherwise the land in controversy, nor that it ratified or approved any act of an agent or committee in so doing. Furthermore, the original petition does not seek to recover the value of any land taken or damages resulting from such taking, but merely seeks to recover a sum which is, in effect, a penalty fixed for the failure to perform certain work within the time and in the manner provided in the deed filed as an exhibit with the petition. While the court may appropriate money for the purposes indicated by statute, we find no authority, and none has been pointed out, sanctioning the appropriation or payment of money as a penalty for failure to comply with the terms of a contract of this character. The amended petition sets out the order of the court appointing the committee, and alleges that pursuant to this order, the committee procured and accepted from plaintiff the deed to this portion of land described therein and appropriated it to the use, benefit, and purpose for which it was conveyed and are now so using it. The court refused to permit the amended petition to be filed on the ground that it set up an entirely different cause of action.

Without entering into a discussion of the grounds upon which the court refused to permit the amended petition to be filed, which in effect amounted to sustaining a demurrer thereto, it is apparent that what has been said with reference to the original petition applies with equal force to the amended petition. It is not made to appear therein that the fiscal court entered into any contract with appellants for the purchase or donation of the land, or that it ratified any such contract or in any way appropriated the land of appellant for public purposes.

Under section 242 of the Constitution, private property may not be taken for public use by municipal or other corporations against the owner's consent without making just compensation therefor, and if appellants' land has been so taken, they have their remedy which may be enforced by proper action; but neither their petition nor the petition as amended sets up such a cause of action.

Judgment affirmed.