# Campbell County v. Braun.

June 11, 1943.

Stanley C. Moebus for appellant.

Barbour & Bassman for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

The plaintiff, John Braun, brought this action to recover from Campbell County $1,000 for the value of land taken for highway purposes and $4,000 damages resulting to his farm. The verdict was in his favor for $500 for the land taken and $1,000 resulting damages, and from the $1,500 judgment entered thereon the County appeals.

The petition as amended avers that Charles H. Youtsey, A. M. Thurner and William Goetz, citizens of Campbell County who were greatly interested in the construction of U. S. Highway 27 through the county, together with Roy Campbell, state highway engineer, fraudulently represented to plaintiff that the building of this road through his farm would provide him many "building site lots" abutting the road and would greatly enhance the value of his farm, when they knew the plans of the road called for deep cuts and high fills through his farm which made the road inaccessible to his abutting land; that he was 74 years of age, uneducated, did not know the plan of construction and relied upon such false representations and made a deed to the Commonwealth conveying it a right-of-way 1,360 feet long by 80 feet wide in consideration of the benefit he was to derive from the road; that due to the deep cuts and high fills the highway was not accessible to his abutting property and provided him no building lots and took land of the value of $1,000 and damaged his farm in the sum of $4,000, for which he received no compensation; that Youtsey, Thurner, Goetz and Campbell in procuring this deed through such fraudulent representations were "acting in behalf of Campbell County * * * and the County of Campbell accepted the procurement of said right-of-way in the manner set out in the petition". The deed executed by plaintiff to the Commonwealth was incorporated in the petition.

The County moved to require plaintiff to make his petition as amended more specific and to state whether Youtsey, Thurner, Goetz and Campbell acted as the agents of the County in procuring the deed and by what authority "said persons were acting for Campbell County, Kentucky, and the time and manner in which they were so authorized." This motion was overruled as was defendant's general demurrer. The County traversed the allegation of fraud and pleaded affirmatively that it accepted the deed, and that the

Highway Commission relying upon the deed constructed the highway which is adequate consideration for the conveyance by plaintiff to the Commonwealth, and it pleaded plaintiff is estopped from prosecuting this action.

Attention is called to the fact that plaintiff's pleadings nowhere aver that any order was entered by the fiscal court appointing Youtsey, Thurner, Goetz and Campbell, or either of them, to act on behalf of or to represent the fiscal court in obtaining this right-of-way, nor was any order entered ratifying or approving their action. Therefore the petition was bad and defendant's demurrer should have been sustained. The governing body of the County is the fiscal court and it can speak only through its records and Youtsey and those acting with him could only bind the County if authorized to do so by an order duly entered by the fiscal court. There being no record made by that court authorizing or approving their action, the demurrer interposed should have been sustained. Flowers v. Logan County, 148 Ky. 822, 147 S. W. 918; Calvert v. Allen County Fiscal Court, 252 Ky. 450, 67 S. W. (2d) 701.

Section 4356t-7, Ky. St., now 177.070, KRS, provides how the fiscal court may acquire rights-of-way for highway purposes. But the fiscal court alone is invested with this power and cannot delegate it to others. Calvert v. Allen County Fiscal Court, 252 Ky. 450, 67 S. W. (2d) 701; Bates' Adm'x v. Menifee County, 273 Ky. 417, 116 S. W. (2d) 973; Postlethweighte v. Towery, 258 Ky. 468, 80 S. W. (2d) 541; Hacker v. Clay County, 291 Ky. 614, 165 S. W. (2d) 172. The Hacker opinion points out that in acquiring rights-of-way by deed the provision of the statute must be followed and that an agreement made by the county attorney is not binding on the County where there is no approval by the fiscal court spread upon the records of the County as provided by statute. That opinion refers to this as being not only sound but an inescapable public policy.

The only alleged fraudulent representations made to Braun by Youtsey and his associates was that Braun would have nice building lots on both sides of the highway. Certainly there is nothing fraudulent about such a representation. It was nothing more than an expression of an opinion as to a future event.

"A misrepresentation, to be actionable, must concern existing or past facts, and not a future promise, prophecy, or opinion of a future event, unless declarant falsely represents his opinion of a future happening." Dolle v. Melrose Properties, Inc., 252 Ky. 482, 67 S. W. (2d) 706, 709; Electric Hammer Corp. v. Deddens, 206 Ky. 232, 267 S. W. 207; Bunch v. Bertram, 219 Ky. 848, 294 S. W. 805; Edward Brockhaus & Co. v. Gilson, 263 Ky. 509, 92 S. W. (2d) 830.

The evidence was conflicting as to whether or not plaintiff's land abutting the new highway was suitable for subdividing into building lots, therefore it cannot be said with reason that the representations of which plaintiff complains were false.

From the conclusions reached it is unnecessary for us to discuss the other interesting questions raised and ably briefed by counsel on both sides. The judgment is reversed for proceedings consistent with this opinion.