## MOSELEY et al. v. OWENSBORO MUNICIPAL HOUSING COMMISSION et al.

Court of Appeals of Kentucky.

Nov. 13, 1952.

Anderson & Anderson, John B. Anderson and E. B. Anderson, all of Owensboro, for appellant.

Norris B. Vincent, Hubert Meredith and R. Miller Holland, Jr., Owensboro, for appellee.

CULLEN, Commissioner.

Mrs. Settie Berry Moseley and her husband brought an action against the Owensboro Municipal Housing Commission, Fred Weir, and others, to set aside a deed by which they had conveyed nine acres of land to one James C. Lusk (who actually was Fred Weir acting under an alias), and a deed by which Weir had conveyed the land to the housing commission. The Moseleys offered in their petition to repay the consideration they had received for the land.

Demurrers were sustained to the original petition and to three amended petitions, and upon the Moseleys declining to plead further after the demurrer to their third amended petition was sustained the action was dismissed. The Moseleys have appealed.

The substance of the Moseleys' claim, as set forth in their pleadings, was that fraud and duress were employed in securing the execution of their deed to Lusk. They alleged that one Joe A. Vittitow, acting as the agent for the housing commission,

called upon them for the purpose of purchasing their land for the housing commission; that he offered them $12,000 for the land, and stated that unless they accepted that offer he would cause the attorney for the housing commission immediately to commence condemnation proceedings as a result of which they would receive only $8,000; and that Vittitow would not grant them any period of time in which to make a decision. They further alleged that the statements made by Vittitow were false and were made for the purpose of deceiving the plaintiffs, and for the purpose of securing their land at less than its true value, which was $16,500; that the plaintiffs relied upon the false and fraudulent statements and accepted the offer of Vittitow; and that they executed a deed in which James C. Lusk was named as grantee, for which they were paid $12,000.

The petition, as amended, also sets forth various incidents that took place following the execution of the deed to Lusk; particularly the efforts made by the housing commission to secure a new deed directly from the Moseleys to the commission, and to secure possession of the Moseleys' land. However, these allegations do not have any significance as concerns the cause of action attempted to be asserted.

The case was briefed on the appeal to this Court solely on the questions of laches of the plaintiffs, and the necessity of making a tender back of the purchase money, before bringing suit to rescind the contract. It is our opinion that a more fundamental question is whether the petition alleges fraud or duress of a character entitling the plaintiffs to any relief.

■ There is nothing alleged in the petition that remotely resembles duress, unless it could be Vittitow's threat to institute condemnation proceedings if the Moseleys did not immediately accept his purchase offer. This clearly did not constitute duress, because it is well-established that it is not duress to threaten to institute a civil proceeding to enforce legal rights, or to threaten to do what a person has a legal right to do. 17 Am.Jur., "Duress and Undue Influence," sec. 17, p. 892.

■ The only fraud charged in the petition is Vittitow's statement that, if condemnation proceedings were instituted, the Moseleys would receive only $8,000 for their land. This statement was not a misrepresentation of a fact. It was either a misrepresentation of law, or a mere expression of opinion as to what sum a jury would allow in condemnation proceedings. A false representation as to law does not amount to fraud, in the absence of a trust or confidential relation between the parties. Tewmey v. Tewmey's Assignee, 251 Ky. 489, 65 S.W.2d 479. A mere expression of opinion as to a future event does not constitute fraud, at least where the subject of the opinion is not susceptible of definite knowledge. Everett v. Downing, 298 Ky. 195, 182 S.W.2d 232; Campbell County v. Braun, 295 Ky. 96, 174 S.W.2d 1. Neither Vittitow, nor anyone else, could possibly know what sum a jury would award in condemnation proceedings. The falsity of Vittitow's statement could not be established.

■ There seems to be some suggestion in the petition, as amended, that the plaintiffs are entitled to relief because of the fact that Weir was operating under an alias, and because the housing commission did not record the Lusk deed until after the Moseleys had refused to execute a deed directly to the commission. There is no merit in this, because it is clear from the petition that the Moseleys knew that their land was being purchased for the housing commission. The complications that arose out of the subsequent public disclosure of Weirs' activities under the alias of "Lusk," including the indictment of Weir in the Federal court for misapplication of funds, caused some difficulty to the housing commission in obtaining record title to the Moseley property, but were of no concern to the Moseleys, who sold their property to the commission and were paid the agreed purchase price.

The judgment is affirmed.