ROELVINK and wife, Appellants, vs. CITY OF MILWAUKEE and another, Respondents.*

*October 8—November 7, 1956.*

* Motion for rehearing denied, with $25 costs, on January 7, 1957.

For the appellants there was a brief by *Charles Saggio, Brooke Tibbs,* and *Howard H. Boyle, Jr.,* all of Milwaukee, and oral argument by *Mr. Boyle.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *Alan H. Steinmetz* and *Carl F. Kinnel,* assistant city attorneys, and oral argument by *Mr. Steinmetz.*

BROADFOOT, J. The amended complaint herein contains four separate causes of action. The first cause of action is based on allegations that the agent for the city had made threats to condemn the property if the plaintiffs did not voluntarily sell the same to the city, and that they conveyed said real estate by reason of threats and coercion. Each of the other causes of action realleges the material parts of the first cause of action.

The second cause of action is based upon a claim that at the time of the conveyance there was no legal public purpose and necessity to justify the taking of the property and therefore the acquisition thereof was void.

The third cause of action is based upon a claim that said property was acquired by the city subject to the condition that within a reasonable time the defendants would use said real estate for one specific purpose only, to wit: A North Boys' Technical High School; that the defendants did not within a reasonable time or at any time so use said real estate and do not intend to so use said real estate in the definite and foreseeable future, and therefore the defendants hold the real estate contrary to and in violation of their governmental powers.

The fourth cause of action is based upon the claim that the original taking was unlawful, the subsequent holding is unlawful in that the property is not used for any public purpose but only for private proprietary purposes, including production of rental income from these plaintiffs as private citizens, and therefore the defendants acted and are acting in excess of their legal and constitutional powers.

The testimony upon the trial clearly shows that the agent for the city did tell the plaintiffs that the property was needed as part of the site for a boys' technical high school and that if the plaintiffs did not make a peaceful settlement the city would condemn the property, and they would take what they could get for it. It further appears that the plaintiffs did not want to sell their property but on the contrary wanted to keep it for their home.

The trial court found that these statements did not constitute duress. The question of the authority of the agent to make such statements and thereby bind the city was not passed upon by the trial court and therefore we shall not pass upon it.

"It is the well-established general rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist upon what he believes to be his legal rights. It is never duress to threaten to do that which a party has a legal right to do, and the fact that a threat was made of a resort to legal proceedings to collect a claim which was at least valid in part constitutes neither duress nor fraud such as will avoid liability on a compromise agreement." 17 Am. Jur., Duress and Undue Influence, p. 892, sec. 17.

The court of appeals of Kentucky recently applied that rule in the case of *Moseley v. Owensboro Municipal Housing Comm.* (Ky.), reported in 252 S. W. (2d) 880. That was an action to set aside a deed. The plaintiffs alleged that an agent for the housing commission called upon them for the

purpose of purchasing their lands for the housing commission; that he offered them $12,000 for the land and stated that unless they accepted that offer he would cause the attorney for the housing commission immediately to commence condemnation proceedings, as a result of which they would receive a lesser sum, and the agent would not grant them any period of time in which to make a decision. They further alleged that the statements made by the agent were false and made for the purpose of securing their land at less than its true value; that plaintiffs relied upon the false statements and accepted the offer and executed a deed, for which they were paid $12,000. The court held that the complaint failed to state a cause of action and that an agent's threat to condemn did not constitute duress, citing the above rule from American Jurisprudence.

The city of Milwaukee has, by statute, a right to condemn property to be used by the board of school directors for necessary school purposes. Title, pursuant to statute, is taken in the name of the city. It is true that in December, 1945, and also in June, 1946, when the deed was executed, the city was in no position to condemn the property. No resolution had been adopted providing for condemnation nor had the planning for the North Boys' Technical High School developed sufficiently to justify such action.

It is considered that the statements made by the city's agent were in the nature of persuasion and argument; that they were not meant as a threat nor were they so considered by the plaintiffs. There is no allegation nor proof that the price paid was not the fair market value at the time.

Our attention has been called to no Wisconsin case determinative of the issues here involved, nor can we find any. In the case of *Mills v. Forest Preserve Dist.* 345 Ill. 503, 178 N. E. 126, the Illinois court passed upon several of the issues here involved. In that case the Illinois legislature had, by statute, created the Forest Preserve District of Cook county

and gave it power to condemn a certain type of lands useful as forest preserves. The plaintiff in that action was the owner of 85 acres of swamp and overflow land, not of the type that could be condemned under the statute. However, the Forest Preserve District enacted an ordinance providing for condemnation of plaintiff's lands. No condemnation action was started but after negotiations the real estate was conveyed to the district at a price agreed upon by the parties. Thereafter the plaintiff commenced his action praying for a reconveyance of the land to him upon the ground that the passage of the ordinance constituted duress and that his conveyance was made as a result of the threat of condemnation. It was admitted upon the trial that the district had no authority to condemn this particular land and that its purchase thereof was *ultra vires*. It was further held in said action that the property which the district had no power to hold because it was not in the nature of a forest preserve could not be recovered by the owner in equity upon tendering back the purchase price, and that even if *ultra vires* the transaction could be set aside only by the public. Reference was made in that decision to the rule as stated in McQuillin on Municipal Corporations. That rule as stated in the third edition thereof, vol. 10, p. 47, sec. 28.21, is as follows:

"The power of a municipality to purchase or otherwise acquire real property can be questioned only by the state. The capacity of a municipal corporation to take a conveyance of land cannot, after the transfer has reached completion, be called in question in a collateral way, but this may be contested only by the state. In other words, the state alone can object to a municipality's want of capacity under its charter to hold lands acquired by purchase or by devise. 'Where a general authority exists in a municipal corporation to buy real estate for any purpose, the vendor in such case, may not afterwards avoid his contract by insisting his deed is void because the corporation may have exceeded its powers in making the purchase. Only the state may inquire whether

the corporation has transcended its powers.' So, the amount of real estate which a municipal corporation may hold is a question only for the state."

The finding of the trial court that there was no duress is in accord with the testimony and the general rule of law, and that disposes of the first cause of action.

The other causes of action fail because of the rule that the plaintiffs are in no position to challenge the validity of the holding of the property by the city and the board of school directors, as that challenge can only be made by the public or someone acting for it.

*By the Court.*—Judgment and order affirmed.

STEINLE, J., took no part.