CASE 98.—DEATH ACTION BY C. D. SINCLAIR'S ADMINIS-
        TRATOR AGAINST THE ILLINOIS CENTRAL R. R.
        COMPANY, &C.—October 21.

# Sinclair's Admr. v. Ill. Cent. R. R. Co., &c.

Appeal from Hardin Circuit Court.

WEED S. CHELF, Circuit Judge.

From a directed verdict for defendant. plaintiff appeals—Affirmed.

1.  Master and Servant—Railroads—Death of Fireman—Disobedi-
    ence of Orders—Actions.—Where a conductor read aloud an
    order to the engineer in the presence of the fireman, the fire-
    man was charged with the duty of understanding it, where it

was in the usual form prescribed by the company for such orders, or was written in such language as would convey its meaning to a person of ordinary intelligence in the fireman's position, and where the order was disobeyed by him, and his death resulted, there could be no recovery therefor.

2. Appeal and Error—Review—Subsequent Appeals—Former Decisons as Law of the Case.—On a subsequent appeal the opinion on the former appeal is the law of the case.

3. Evidence—Weight—Witnesses—Credibility—Power of Jury to Disregard Testimony.—Where a witness testifies unequivocally to a fact, and there is nothing in his evidence to warrant the jury in rejecting it, and he is not contradicted or impeached, the jury cannot disregard his testimony.

4. Trial—Direction of Verdict.—Where the proof is such that, had the case been submitted to the jury, they would have been bound to find a verdict for defendant, a verdict for defendant is properly directed.

CARUTH, CHATTERSON & BLITZ for appellant.

IRWIN & IRWIN of counsel.

## POINTS AND AUTHORITIES.

1. Contributory negligence is a defense which must be alleged and proven when the action is to recover for death by negligence. (Lexington & Carter Co. M. Co., v. Stephens Ad, 104 Ky., 508; Wille v. East Tenn. Coal Co., 84 S. W., 1166; Brown's Admr. v. C. N. O. & T. P. R. R., 92 S. W., 583; Cumberland Tel. & Tel. Co. v. Graves' Ad., 104 S. W., 356.)

2. A different principle prevails when the action is for personal injury. (Lexington Carter Co. v. Stephens' Admr., 104 Ky., 508; Hall v. ou. & Henderson & St. L. Ry., 104 S. W., 275.)

3. A peremptory instruction for defendant is never proper when there is a "scintilla" of evidence for plaintiff. (Hall case supra.)

4. The only witness on the question of contributory negligence was the conductor of the train, who admitted his own negligence and attempted to divide his responsibility with the decedent. His testimony as to admissions contradicting this evidence, was contradicted by two reputable witnesses affecting his credibility. The question of his credibility was for the jury; not the court.

5. The question under the proof whether the dispatch was itself understandable and sufficiently explicit was an important one to be decided before contributory negligence could be held

to be proven, and this was a question of fact for the jury—not for the court.

6. It is admitted by the defendant that its conductor and engineer, superior officers of decedent, misunderstood the dispatch. Can it be then said as a matter of law that decedent was guilty of contributory negligence in not understanding that which his two superior officers failed to do.

7. It was still a question for the jury, if after reading or hearing it read, whether it was understandable as read, or written, and whether the decedent assumed the risk of misunderstanding or disobeying the order. (Mead v. Ashland Steel Co., 100 S. W. 821; Lou. &c., R. R. Co. v. Kelly, 63 Fed. Rep., 407.)

L. A. FAUREST for appellees.

J. M. DICKINSON, TRABUE, DOOLAN & COX and C. H. MOORMAN of counsel.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The peremptory insrtuction was properly given. (Sinclair's Admr. v. I. C. R. R. Co., 100 S. W. Rep., 238, 30 Ky. Law Rep., 1040.)

2. The uncontroverted evidence shows that Sinclair was guilty of contributory neglect. Where this is true the court should instruct the jury to find for the defendant. (Henderson Trust Co. v. Stuart, 108 Ky., 167; Bush v. Grant, 22 Ky. Law Rep.; 1766; L. & N. R. R. Co. v. Mounce's Admr., 90 S. W. Rep., 956, 28 Ky. Law Rep., 933; Hall v. L., H. & St. L. R. Co., 104 S. W. Rep., 275.)

3. The collision was the result of the violation of the rules of the company by Sinclair and others. Such violation of rules is contributory negligence, and as a matter of law bars a recovery by his representative. (L. & N. R. R. Co. v. Scanlon, 22 Ky. Law Rep 1400; 1 Labatt on Master and Servant, 365; Sherman and Redfield on Neg., 202-207.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

C. O. Sinclair was the fireman on train No. 193 on the Illinois Central Railroad going south; and he was killed in a head-on collision with train No. 152, going north. The collision was due to the fact that

train No. 193 violated its orders. Under its orders, it should have stopped at McHenry and waited there for train No. 152; but it left McHenry on the time of train No. 152, and ran into it about four minutes later. In the collision the fireman and the engineer of train No. 193 were killed; and this action was brought by the administrator of the fireman to recover for his death. Upon the first trial of the case, at the conclusion of the plaintiff's evidence, the court instructed the jury peremptorily to find for the defendant. On appeal to this court, the judgment was reversed, the court holding, in substance, that the fireman could not recover if he knew of the violation of the order under which the train was running, but that he could recover if he did not know of the violation of the order—that is, if he did not know that the order required the train to wait at McHenry for train 152—the ruling being based on the rules of the company which require that the fireman, after reading the train orders, must keep them in mind, and, if there be occasion to do so, must remind the engineman of them. See Sinclair's Adm'r v. I. C. R. R. Co., 100 S. W. 236, 30 Ky. Law Rep. 1040. On the return of the case to the circuit court, it was tried again; the plaintiff's evidence being in substance the same as on the former trial. The defendant then introduced its evidence, showing that the order which was delivered to train 193 was in the usual form, and so expressed as to be intelligible to those operating trains. This it showed by a number of witnesses. It was also shown that the engineer of train 193, when found after the collision, had a copy of the order in his pocket. The company introduced the conductor of train 193, who testified that they received the order at Horse Branch, a station north of

McHenry, and that he there read the order aloud to the engineer in the presence of the fireman, and that, after they had pulled out from Horse Branch, he went over to the engine, and he and the engineer and Sinclair counted up the time together, or, rather, that he counted it in their presence and they assented; that, as he counted the time, they had, by the time-table, time to go to Rockport, but that in making the calculation he made a mistake; and that, by reason of this mistake which he made and which the engineer and Sinclair assented to, the collision occurred. The plaintiff proved in rebuttal that the conductor afterward said at Cecilia that the collision was his own fault. On this evidence the court instructed the jury peremptorily to find for the defendant, and the plaintiff appeals.

The rule requiring the orders to be read by the fireman and requiring him to remind the engineer of them is a reasonable rule. The traveling public have a right to demand that all reasonable precautions shall be taken for their safety, and the rule is a safeguard against mistakes by the engineman which might imperil other lives. On the former appeal of this case we said: "If the evidence disclosed that this order was shown by the engineer to Sinclair, or that he read or heard it read, he would be charged with the duty of understanding it if it was in the usual form prescribed by the company for such orders, or was written in such language as would convey to a person of ordinary intelligence in Sinclair's position its meaning. Hence it would follow that, if Sinclair went out on the engine in disobedience of the order, he might be guilty of such contributory negligence as would defeat a recovery in an action for damages resulting from his violation of the

order. * * * It is of the highest importance that employes of railroad companies who have intrusted to their care so many lives and so much valuable property should be held to a strict observance of the rules of the company established for the protection and safety of the public, as well as persons in charge of the train. Absolute obedience to orders regulating the movement of trains is indispensible to the safety of life and the protection of property, and carriers engaged in the hazardous business of transportation by modern methods have the right to demand the highest efficiency in the service, and to exact implicit obedience to the orders of superiors and to establish and enforce rules for the discipline of their employes. It is not the purpose of the courts to encourage in any way violations by employes of reasonable rules by relieving them of the consequences of their wrongful acts, or to subject the company to damages caused by their disobedience.''

The opinion on the former appeal is the law of the case, and there can be no recovery by the plaintiff if the testimony of the conductor is true. But it is insisted that the court erred in not submitting this question to the jury. It is said that the jury might not have believed the testimony of the conductor, and might have found for the plaintiff notwithstanding his evidence. The conductor was not before the jury. His testimony was given by deposition taken in St. Louis. He was not in the service of the defendant, and had no interest in the controversy. His testimony is consistent, and there is nothing on the face of it in any way to weaken it. It was in no way impeached, except by the proof of the statement made by him at Cecilia that the collision

was his fault; he testifying that he said at Cecilia that he was the only human being left to bear the responsibility. But whether he said the one thing or. the other at Cecilia is immaterial. Under his testimony as given in the deposition, the collision was his fault. He made the mistake. He was the managing agent in charge of the train, and he did not in his testimony attempt in any way to exculpate himself, but simply said that he made the mistake in counting the time. Where a witness testifies unequivocally to a fact, and there is nothing in his evidence to warrant the jury in rejecting it, and he is in no wise contradicted or impeached, the jury are not at liberty to disregard his testimony. The jury are sworn to render their verdict according to the evidence, and they are not at liberty to reject the evidence capriciously. If this case had been submitted to the jury, they would have been bound to find a verdict for the defendant under the proof, and, as there was but one thing that they could properly do under the evidence, and of this there could be no difference of opinion, the court properly instructed them peremptorily to find a verdict for the defendant. This court has in a number of cases held where stock is killed on a railroad, and the company introduces its men and shows that the killing was unavoidable, the court should peremptorily instruct the jury to find for the defendant, where the witnesses are not impeached, and their testimony is consistent and not contradicted. Ky. Central R. R. Co. v. Talbot, 78 Ky. 621; Rogers v. Felton, 98 Ky. 148, 17 Ky. Law Rep. 724, 32 S. W. 405; I. C. R. R. Co. v. Gholson, 66 S. W. 1018, 23 Ky. Law Rep. 2209. The same principle has been applied in other cases. Henderson Trust Co. v. Stuart, 108 Ky. 167, 55 S. W. 1082,

21 Ky. Law Rep. 1664, 48 L. R. A. 49; L. & N. R. R. Co. v. Mounce's Admr., 90 S. W. 956, 28 Ky. Law Rep. 933; Hall v. Louisville R. R. Co., 104 S. W. 275, 31 Ky. Law Rep. 853.

Judgment affirmed.