## Central Life Insurance Company v. Taylor.

(Decided May 25, 1915.)

Appeal from Pike Circuit Court.

1. Sales—Rescission of Contract—Time for Rescission and Laches—Pleading.—Where rescission of a contract of sale is sought by the buyer, upon the ground of fraud inducing same, there must be a prompt election upon discovery of the fraud upon which the claim of right to rescind is founded, and the petition should negative laches.

2. Corporations—Transfer of Shares—Rescission—Pleading.—Where the rescission of a contract for the sale of shares of a corporation is sought by the buyer for fraud inducing the purchase thereof, the petition should allege the manner and extent of the plaintiff's injury resulting from the fraud.

J. J. MOORE for appellant Wiley.

KOHN, BINGHAM, SLOSS & SPINDLE for appellant Insurance Company.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

W. B. Taylor instituted this action in equity in the Pike Circuit Court against the Central Life Insurance Company and Tobe Wiley, seeking a rescission of his purchase of three hundred shares of the capital stock of the insurance company, for which he paid $450 in cash and executed his note to the company for $2,550.

It was alleged in the petition that Tobe Wiley was an agent of the insurance company and employed by it to sell its shares of stock; and that Wiley in an effort to induce plaintiff to purchase some of these shares, made false and fraudulent representations, to-wit: (1) That all of the stock of the insurance company had been sold except a limited amount, that it was selling fast, and if plaintiffs did not then buy, it would be impossible to obtain shares later; (2) That the shares in question, although of the par value of ten dollars, were in fact worth fifteen dollars each; (3) That Wiley himself was a director of the insurance company; (4) That the company would pay large dividends in the future; (5) That if plaintiffs purchased such shares and at any time desired to sell them, he, Wiley, would dispose of them at fifteen dollars per share; (6) That an insurance company known as the Citizens Life Insurance Company had been organized by the same man who organized the Central Life Insurance Company (the shares of which were being offered) and that the stock of the Citizens Life Insurance Company was then selling at forty dollars per share, and that the Central was organized on the same plan and by the same person who had organized the Citizens, and that in a short time its shares would likewise be selling at forty dollars each; (7) That the company whose shares were being offered had already secured a million dollars of insurance in one day; and (8) That the company had already paid a dividend of fifteen per cent.

Plaintiff charged that upon the inducement of these false and fraudulent representations, which were by him believed to be true and so relied upon, he purchased the shares aforesaid.

1. The petition fails to state in what way these statements or any of them were false, or any fact from which an inference may be drawn that the plaintiff was injured by reason of their falsity. For instance, taking the most important statement alleged to have been made: "That the shares in question, although of the par value of ten dollars, were in fact worth fifteen dollars

each;" while the petition does allege that this statement was false, it fails to say in what way it was false, and fails to state what was the real value of the stock, or to say that it was of less value than stated or that it was of no value. It may have been worth $14.99, and the statement that it was worth $15 would therefore have been false, but not actionable, because it could not then be contended that plaintiff was materially injured by reason of the falsity of the representation. All the allegations in respect of misrepresentations contained in the petition are subject to the same criticism. Plaintiff contented himself with a sweeping allegation that all the representations mentioned were false, without in any manner specifying in what way they were false, or in what way he was thereby injured. If the plaintiff was in any way injured by reason of the falsity of the representations, the petition should show in what manner and the extent thereof. 20 Cyc., 102; Thompson on Corporations, Sec. 730; Cooley on Torts, 3rd Ed., page 905.

2. Where one sues in equity to obtain the rescission of a contract, basing his claim to the relief sought upon the ground of fraud inducing the execution of the contract, he must act promptly in making his election of remedies, for if he fails to act promptly upon the discovery of the fraud, he loses his right to rescission in equity, and his only remedy then is an action for damages for the deceit. Culton v. Asher, 149 Ky., 659; Buford v. Brown, 6 B. M., 553. For this reason the petition should show facts negativing laches or a waiver of the right to seek a rescission. The petition was fatally defective, and the demurrer thereto should have been sustained.

3. But, passing to the merits of the case. Both defendants answered traversing the allegations made in the petition. The plaintiff took the depositions of himself, P. W. Day, W. J. Walters and Roscoe Vanover. He proved by himself and by Day that Wiley made all the representations alleged in the petition, and more. And he also testified that he had never received any dividends from the company.

Walters testified that he is a shareholder in the defendant company, having subscribed for ten shares in March or April, 1911, received his certificate on September 29, 1911 and paid for same; and that he had never received any dividends upon his shares:

Vanover testified that he was attorney for the plaintiff, and that about May 15, 1914, he received through the mails an anonymous letter saying: ''I believe if you would dismiss your suit against Tobe Wiley he would help you win the suit against the insurance company. Now I think I know what I am saying. Wiley will aid you. See him and have a talk. A Friend.''

This was all the material evidence for plaintiff, and the defendant introduced none.

It will thus be seen that the plaintiff proved that Wiley made the statements charged in the petition; but that there the evidence stops. There is not one word concerning the truth or falsity of the representations charged.

Appellee argues that he proved by plaintiff that up to the institution of this action he had not received any dividend from the insurance company, and that this is proof of the falsity of the statement made relative to dividends. But there is no fact alleged in the petition or shown by the proof establishing plaintiff's right to any dividends. The allegation in the petition is that the plaintiff purchased some shares; but it fails to state when or upon what terms the shares were to be issued; whether any ever were issued, or whether he had complied with the terms of his purchase in respect of its issual. Nor is there any proof upon this subject other than that plaintiff never received a stock certificate.

Appellee also contends that the testimony of Walters that he had received no dividends on his shares, is sufficient to show that the company had not declared a dividend of fifteen per cent as stated by Wiley. But proof that Walters had received no dividends on shares purchased by him in March, 1911, and issued to him in September, 1911, does not establish as false a representation made in November, 1911, that the company had already declared a fifteen per cent dividend. Nor does proof that one shareholder of a corporation has not received a dividend, establish that the corporation has not declared and paid a dividend. So that even if the petition were sufficient, and conceding that the proof established the making of the representations charged, still there was a total failure of proof, or of attempt to prove, the falsity of the representations charged, or of damage to the plaintiff resulting therefrom.

It was proven by plaintiff that Wiley also stated that the New York Life Insurance Company had offered

$15 per share for this stock; but this representation was not pleaded, nor was its falsity proven.

In Southern Insurance Company v. Milligan, 154 Ky., 216, 157 S. W., 37, this court held that where a sale of shares was induced by false representations as to the dividends which the company had been paying, or as to the purchase of shares by a certain person of recognized financial ability and shrewdness, a rescission might be had; and it was also suggested that false representations as to the value of the stock and the amount of the surplus of the corporation, if properly pleaded and proven to be false, would justify a rescission.

However, in the case at bar the petition failed to state a cause of action, for which reason the demurrer should have been sustained; and the evidence failing to show that the plaintiff was entitled to the relief sought, the petition should have been dismissed.

The judgment is therefore reversed, with directions to enter a judgment sustaining a demurrer to the petition and dismissing same.