### SAMUEL et al. v. GEORGE WEIDEMANN CO.

(Circuit Court of Appeals, Sixth Circuit. February 15, 1924.)

No. 3900.

1. **Negligence** ⟨⟩136(18)—**Evidence as to negligent injuries to minor climbing on truck held to require directed verdict.**

In an action for negligence causing injuries to minor, who climbed on the rear fender of defendant's truck, evidence failing to show that the men in charge of the truck saw the minor before starting it *held* to authorize a directed verdict for defendant.

2. **Negligence** ⟨⟩121(1)—**Burden on plaintiff to show driver's knowledge of minor's presence on truck.**

In an action for injuries to a minor, who had climbed on the rear fender of defendant's truck, the burden is on plaintiffs to show that the men in charge of the truck saw the minor and his perilous position before starting the truck.

3. **Evidence** ⟨⟩597—**Verdict cannot be based on speculation or conjecture.**

Juries cannot arbitrarily disregard the evidence, and base their verdict on mere speculation or conjecture.

4. **Trial** ⟨⟩139(1)—**Evidence requiring setting aside of verdict will authorize directed verdict.**

Where the evidence is such that a court would be compelled to set aside a verdict, a motion for a directed verdict should be sustained.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Separate actions by Webb Samuel, an infant by his next friend, and by Mollie Samuel, against the George Weidemann Company, consoli-

dated for trial. A judgment for defendant was entered on a directed verdict, and plaintiffs bring error. Affirmed.

H. G. Hightower, of Cincinnati, Ohio, for plaintiffs in error.
Howard M. Benton, of Newport, Ky., for defendant in error.

Before DONAHUE and MACK, Circuit Judges, and ROSS, District Judge.

DONAHUE, Circuit Judge. Webb Samuel, an infant, brought action by his next friend against the George Weidemann Company, a corporation, to recover damages for personal injuries alleged to have been caused by the negligence of defendant's agents and employés. Mollie Samuel, the mother of Webb Samuel, also brought an action against the same defendant, based upon the same allegations of negligence, to recover damages for loss of services of her son, for nursing him in his sickness, and for money expended for hospital and medical services.

The defendant, for answer to these petitions, denied all negligence on its part, and further averred that whatever injuries were suffered by Webb Samuel were occasioned by his own carelessness and contributory negligence, while he was riding without permission or knowledge of the defendant, his agents or employés, on the defendant's delivery truck. These actions were consolidated.

The jury upon the first trial returned a verdict in favor of each plaintiff. The trial court, being of the opinion that the verdicts were against the weight of the evidence sustained the motion of the defendant to set aside these verdicts and granted a new trial. Upon the second trial it was stipulated by counsel that:

"After the jury shall have been duly impaneled and sworn according to law, the record of the testimony given at the first trial shall be offered as all the testimony on behalf of the plaintiffs and defendant at the second trial, and the same shall be taken and considered in all respects as though the witnesses testifying at the first trial had been recalled and testified in the second trial."

After the introduction of this evidence in pursuance of this stipulation, the trial court directed the jury to return a verdict for the defendant.

[1] At the time of the accident Webb Samuel was between 11 and 12 years of age. He testified in substance that he was walking from his home in Latonia, Ky., to the hardware store, to purchase some nails; that he was in a hurry; that he saw the truck of the defendant standing against the curb in front of Fred Graf's place of business; that he saw no one standing about the truck, and climbed upon the fender over the rear wheel; that while he was standing on this fender two men came out of Graf's saloon, and, without saying anything to him whatever, got on the front part of the truck and started it in motion; that he was then standing on the fender of the rear wheel on the side of the truck next to the curb; that when the truck moved it slipped over in the gutter, and kept on going, and caught and crushed him between the telephone pole and the truck.

The testimony of this plaintiff as to where he had located himself upon this truck is materially weakened by the evidence of Rose Ella Dressman, a witness called on behalf of plaintiffs, who testified that she came out of her house and saw Webb Samuel sitting on the back end of the truck; that at the same time she saw two men come out of the Graf saloon, get on the truck, and start it. While her testimony does corroborate the testimony of Webb Samuel in reference to these two men coming out of the saloon together, yet it is in direct conflict with his testimony that, at that time, he was standing on the rear fender.

Both Schneider and Dittus testify, that Dittus was not in the saloon, and to some extent their testimony in this respect is corroborated by Graf. This, however, is a comparatively unimportant matter, and the discrepancy in the evidence in this respect is no more than is usual in the testimony of credible eyewitnesses to any transaction.

[2] The plaintiffs' case is based upon negligence on the part of these men in not compelling this infant plaintiff to get off the truck before it was started. Negligence is never presumed. Upon plaintiffs' theory of this case, the burden was upon them to prove that these men actually saw this boy and knew of his position of danger on the truck before they started it in motion. This fact could be established by proof that at the time they came out of the saloon he was standing upon the truck in such a position they must necessarily have seen him. Both Schneider and Dittus testified positively that they did not see him; that if he were standing upon the fender over the rear wheel when they got on the truck they probably would have seen him.

[3] It is claimed that the nature of this plaintiff's injuries tend to corroborate his testimony as to the way in which they were caused. That may be true; nevertheless he had ample time and opportunity to move from the end of the truck, where Rose Ella Dressman says he was sitting when these men got on the truck, while they were starting it, and before it reached the telephone pole. But, accepting the evidence of Webb Samuel as to his position upon the truck as true, notwithstanding it is directly contradicted by his own witness, and substantially contradicted by these two witnesses, who were then in charge of the truck, it nevertheless does not appear from his evidence, or the evidence of any other witness called by either party to the suit, that these men must necessarily have seen him before starting their car, notwithstanding their positive and unequivocal testimony that they did not see him, and did not know that he had been upon the truck until after the accident happened. Juries cannot arbitrarily disregard the evidence, and base their verdict upon mere speculation or conjecture. Railway Co. v. Hawk, 160 Fed. 348, 351, 87 C. C. A. 300; Railway Co. v. Jones, 192 Fed. 769, 774, 113 C. C. A. 55, 47 L. R. A. (N. S.) 483; Sinclair's Adm'r v. Railway Co., 129 Ky. 828, 112 S. W. 910.

[4] Upon the first trial of this case the court was fully justified in setting aside the verdicts for plaintiffs, for the reason that they were against the manifest weight of the evidence. While a motion to set aside a verdict and for a new trial presents an entirely different question than a motion for a directed verdict, nevertheless, where the evidence is such that a court would be compelled to set aside a verdict,

a motion for a directed verdict should be sustained. Patton v. Railway Co., 179 U. S. 658, 659, 21 Sup. Ct. 275, 45 L. Ed. 361; Goff Co. v. Lambom & Co. (C. C. A.) 281 Fed. 613, 618, and cases there cited; Richards v. Mulford Co., 236 Fed. 677, 680, 681, 150 C. C. A. 9.

It is unnecessary to consider the other questions presented by this record.

Judgment affirmed.