# Dolle v. Melrose Properties, Inc.

(Decided Jan. 23, 1934.)

WALTER S. LAPP for appellant.
MORRIS B. GIFFORD for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Pending the height of the "Florida boom," Fred J. Dolle, an urbane but unsophisticated resident of Jefferson county, Ky., actuated by an insatiable longing for riches, silentiously ventured, in the vicinity of Miami, into the financial denouement. The Melrose Properties, Incorporated, was the owner of lots comprising a fancy subdivision of a remote addition to the picturesque city of Miami. The E. D. Noe Company was its selling agent, and Throgmorten, a former acquaintance and friend of Dolle, was a salesman of the E. D. Noe Company. Throgmorten succeeded in agreeing with Dolle on the price and terms of the sale of certain lots within the subdivision. In accordance therewith, the Melrose Properties, Incorporated, executed and delivered to him a deed, conveying the lots for the agreed consideration of $2,500, of which $650 was cash, the balance evidenced by notes; $312.50, payable September 10, 1925; $312.50 on the 10th day of March, 1926; $312.50 on the 10th day of September, 1926; $312.50 on the 10th day of March, 1927; $312.50 on the 10th day of September, 1927; and $312.50 on the 10th day of March, 1928. Dolle accepted the deed, paid two of the notes and refused to pay the other four.

This action was instituted in the Jefferson circuit court to recover of him the amount of the four unpaid notes and interest. To escape payment, he claims the payment of the $1,250 of the consideration and the execution and delivery of the notes were induced by fraud and fraudulent representation on the part of the agent of the Melrose Properties, Incorporated. He specifically charges:

"That the said lots they sold him were a part of what was represented to him to be a well developed sub-division of the property in Dade County, Florida, known as Melrose Heights. It was represented to him at the time of said purchase and prior thereto, that said Melrose Heights had been thoroughly subdivided and that more than two-thirds of said lots had been actually sold and paid for; that a plat of said sub-division was exhibited to this defendant and upon said plat there appeared a large space of ground, being about two city blocks square, that had been reserved for a large hotel; it was further represented to this defendant as a basis for the sale of such lots, that all necessary moneys had been set aside by the plaintiff for the purpose of building a large and expensive hotel upon said site of ground as shown in said plat; that contracts had been fully let for the building of said hotel; that said hotel was being rushed to completion and that the nearness of said hotel, when completed, to the lot of ground sold to this defendant would greatly enhance the value of this defendant's lots, that said representations of said agents were false and fraudulent; that it was not true that more than two-thirds of the lots in said sub-division had been sold and paid for; that it was not true that said money had been set apart for the building and completion of said hotel and that same was being rushed to an early completion; that the fraudulent statements were made to this defendant for the purpose of inducing him to buy said lots and to part with the sum of $1,250.00 in cash and executed the notes sued upon; that he relied upon said representations, and but for said representations would not have purchased said lots or parted with his cash and executed notes as set forth in the petition; that said sub-division has not been

· developed and said hotel property had never been completed.''

Issue was joined on this defense. On the trial before a jury, after hearing all of the evidence, the Melrose Properties, Incorporated, requested a peremptory instruction. It was refused. The case was submitted on instructions not now complained of. Certain evidence was admitted to which Dolle objected. He is insisting he is·entitled to a reversal solely because of this objectionable evidence. The Melrose Properties, Incorporated, contends it was entitled to a peremptory, and, even though the objectionable evidence was incompetent, it was not prejudicial.

In every case, whether the evidence is sufficient to take the case to the jury is a question of law for the court, Small's Adm'r v. Peters, 233 Ky. 576, 26 S. W. (2d) 491, and, if there is a scintilla of evidence, the case should be submitted to the jury, Stanley's Adm'r v. Duvin Coal Co., 237 Ky. 813, 36 S. W. (2d) 630, 634; Iseman v. Hayes, 242 Ky. 302, 46 S. W. (2d) 110, 85 A. L. R. 996. ''Evidence'' within the scintilla rule is something of substance, or ''carrying quality of proof, or having fitness to induce conviction.'' Park Circuit & Realty Co. v. Ringo's Guardian, 242 Ky. 255, 46 S. W. (2d) 106, 107; Duff v. May, 245 Ky. 709, 54 S. W. (2d) 4; Honaker v. Crutchfield, 247 Ky. 495, 57 S. W. (2d) 502; Owens v. National Life & Acc. Ins. Co., 234 Ky. 788, 29 S. W. (2d) 557; Cecil v. Oertel Co., 239 Ky. 825, 40 S. W. (2d) 328; Dossenbach et al. v. Reidhar's Ex'x et al., 245 Ky. 449, 53 S. W. (2d) 731. The probative value and weight of the evidence are questions for the jury, and a peremptory instruction should never be given if there is any competent, relevant evidence warranting a recovery. A verdict should not be directed when the facts proven, together with inferences fairly deducible therefrom, considered most favorably to the plaintiff, sustain the action alleged. Bryson et al. v. Raum's Adm'r, 243 Ky. 121, 47 S. W. (2d) 927; Perry's Adm'x v. Inter-Southern Life Ins. Co., 248 Ky. 491, 58 S. W. (2d) 906. Or, if there is a doubt as to facts, or where different inferences may arise, or where the evidence is conflicting, the question is for the jury. Kentucky Utilities Co. v. Sapp's Adm'r, 249 Ky. 409, 60 S. W. (2d) 976; Gayheart et al. v. Smith, 240 Ky. 596, 42 S. W. (2d) 877.

In Stanley's Adm'r v. Duvin Coal Co., this general rule was quoted with approval:

" 'The rule in this state is that, if the plaintiff makes out his case, however much the evidence for the defendant may overbalance that introduced by the plaintiff, he is entitled to have the jury pass upon the issue; and that the court cannot in such a case give a peremptory instruction, although he may be of opinion that, if the jury should find a verdict for the plaintiff, it should be set aside, and a new trial granted.' Curran v. Stein, 110 Ky. 104, 60 S. W. 839, 840, 22 Ky. Law Rep. 1575; Irvine v. Greenway, 220 Ky. 388, 295 S. W. 455; C., N. O. & T. P. R. Co. v. Cook's Adm'r, 73 S. W. 765, 24 Ky. Law Rep. 2152; Goins v. North Jellico Coal Co., 140 Ky. 323, 131 S. W. 28; Matlack v. Sea, 144 Ky. 749, 139 S. W. 930."

An accordant rule was stated therein in this language:

"When the case is submitted to the jury, it will be bound to find a verdict for the defendant under the proof, it is proper for the court to instruct the jury peremptorily to find a verdict for the defendant. * * * L. & N. R. R. Co. v. Mounce, 90 S. W. 956, 28 Ky. Law Rep. 933; Rogers v. Felton, 98 Ky. 148, 32 S. W. 405, 17 Ky. Law Rep. 724; I. C. R. R. Co. v. Gholson, 66 S. W. 1018, 23 Ky. Law Rep. 2209; Sinclair's Adm'r v. I. C. R. R. Co., 129 Ky. 828, 112 S. W. 910; Reliance Coal & Coke Co. v. L. & N. R. R. Co., 203 Ky. 1, 261 S. W. 609, and authorities cited."

The right of the Melrose Properties, Incorporated, to a directed verdict must be measured by these rules in the light of the proven facts. The testimony of Dolle, corroborated by Throgmorten, is not as liberal as the allegations of his pleading. Dolle and Throgmorten were on the ground when he selected the lots he desired to purchase. He chose those of the subdivision within a block and a half from where a hotel was to be erected. The erection of the hotel had been commenced at the time he agreed to purchase them. To make assured accuracy in the statement of the oral representations, which Dolle claims were made, we use his language: "Well, they claimed they were going to build a splendid new hotel, which had been started at the time I bought

the property, that was never completed, that is the principal promise that they made, and the reason why I bought the lot." "The hotel had started at that time." "All I know is that the set up was for the hotel there as Mr. Fritz, or the Melrose Heights Properties—that Mr. Fritz, I remember that part of the description, was a very wealthy man, who was tied up with the Melrose Properties and tied in with the whole project in general and they were to build the hotel. Who was to put up the money, I don't know." "I could not say definitely that Melrose Properties, Incorporated, was going to build that hotel." "I would not say." "The Fritz Hotel Company, or somebody else was to build the hotel." "I don't remember definitely." "I cannot remember the different names that were called. The only thing I know is that the representations were made that a hotel was to be built, that Fritz, who owned the original properties, was tied in with the Melrose Properties and it was apparently one concern. What their corporate existence was, I don't know." "I would not say that the Melrose Properties were going to build the hotel. I bought some other property while I was in Florida—quite a lot." "This Melrose Heights Property was a well located sub-division." Throgmorten testified "that they had the money laid aside to build the hotel, to complete it and to open it up at a specified date, that is, in the fall of 1926; that they had the money to do it with." "I don't know whether it was cash or what, but they had the money and money is money." One representation he made to Dolle positively was that the hotel would be built, and its construction and use as a hotel would add greatly to the value of the lots purchased by him. He claims he made the representation to Dolle in good faith, in accordance with the instructions of his superiors, "in the Melrose Properties." When completed, it was to be named the "Hotel Fritz." The deposition of Dolle was taken as upon cross-examination when he was asked: "Was any representation made to you as to when that hotel was to be completed?" His answer was: "No, but I took it for granted, as anybody else would naturally conclude the building of it as quickly as possible, nobody starts putting up a building unless they have an idea of finishing it, and completing it, because it takes money to carry on a dead property of that size." He presented as a part of his testimony a photograph of the hotel.

The foregoing synopsis of the testimony of Dolle and Throgmorten, with the photograph, fairly presents the evidence in his behalf. The burden of proof was on him to establish that the representations relied upon by him were made, and the Melrose Properties, Incorporated, or its agent knew they were false, or made them recklessly, without any knowledge of their truth, as a positive assertion, with the intention of inducing him to act, and that he acted in reliance thereon. It was his duty to produce sufficient evidence to overcome the legal presumption of innocence and beget a belief of the charge of fraud or misrepresentation. Crescent Grocery Co. v. Vick, 194 Ky. 727, 240 S. W. 388; Dennis v. Thomson, 240 Ky. 727, 43 S. W. (2d) 18; Peake v. Thomas, 222 Ky. 405, 300 S. W. 885. A misrepresentation, to be actionable, must concern existing or past facts, and not a future promise, prophecy, or opinion of a future event, unless declarant falsely represents his opinion of a future happening. Electric Hammer Corp. v. Deddens, 206 Ky. 232, 267 S. W. 207; Bunch v. Bertram, 219 Ky. 848, 294 S. W. 805. It can hardly be claimed that the promise to construct the hotel, within a definite time, which was at the time in the course of construction, should be regarded a statement of a past or present fact. The representation of the agent to Dolle "that all moneys had been set aside for the purpose of building a large and expensive hotel" was a statement of an existing fact. Both he and Throgmorten testified this representation was made as an inducement to Dolle to purchase the lots, and he declares he relied thereon. No evidence was offered, or heard, showing, or tending to show, that at the time this representation was made it was false, or that the money necessary for that purpose had not been set aside for the purpose of "building a large and expensive hotel." The showing the falsity of the statement was as indispensably necessary to sustain a cause of action as was the proving the making the representation of an existing or past fact. Only the photograph showing the hotel as it had been constructed to the date of its taking and the statement that the hotel was unfinished tend to establish the falsity of the representations relied upon by Dolle, including the representation the hotel would be completed within a given time. It cannot be insisted with reason that such evidence is sufficient to establish the falsity of any statement or representation of the agent.

Measuring the evidence by the principles reiterated, it is very plain the Melrose Properties, Incorporated, was entitled to a peremptory instruction.

It is argued by Dolle, "the undisputed evidence shows that a contract was made between the plaintiff and defendant to build a hotel, contiguous to the property purchased by the defendant from plaintiff, and that this agreement was breached by the plaintiff." In support of this position, he insists that, where a contemporaneous oral contract is made between the parties, in an action on the written contract, the defendant has a right to counterclaim for damage occasioned by a breach of the oral contract.

The testimony of Dolle and Throgmorten refutes this argument. The basis of the defense is fraud and misrepresentation, and not a breach of a contract. The allegations quoted herein from his petition cannot be interpreted as setting up a contract and its breach; nor does the evidence tend to show the making or the breaching of a contract concerning the building of the hotel. Indeed, the evidence fails to establish even "a future promise, prophecy or opinion of a future event," in respect to the construction of the hotel; nor does it show a false representation of an opinion of a future happening. A promise is not in itself a false representation. Tanner v. Clark, 13 Ky. Law Rep. 922. A charge of fraud may be predicated on the nonperformance of a promise, where the promise is accompanied by a present intention not to perform, and is made to deceive the promisee. Jones v. Brammer, 229 Ky. 649, 17 S. W. (2d) 736. The evidence does not bring his defense in so far as it relates to a promise to construct the hotel within this principle, nor show the nonfulfillment of the promissory representation to construct the hotel was not in good faith. Pine Mt. Iron & Coal Co. v. Ford, 50 S. W. 27, 21 Ky. Law Rep. 142. .

However, viewing the evidence in his behalf as insisted by him, that in behalf of the Melrose Properties, Incorporated, is equal in quantity and quality, if not in weight, sufficient to support the verdict of the jury.

The witnesses for the Melrose Properties, Incorporated, testified that the original contract price for the construction of the hotel was $857,000, and it was later increased $126,000, not including $15,000, the cost of

constructing a greenhouse, and there had been actually expended for the construction of the hotel, not including the greenhouse, $800,000. This evidence was objected to by Dolle on the ground the written contract and the books of the corporation, showing the expenditure of $800,000, were the best evidence. The witnesses, when testifying, were, at the direction of the court, confined to their personal knowledge of the facts to which their testimony related. The personal knowledge of the witnesses was competent, although the contract and the records of the corporation might show the same facts. Much of the testimony of the witnesses of the corporation was objected to on the same ground. We are not convinced their personal knowledge was incompetent for any reason. Dolle having failed to establish by relevant evidence his defense, and the corporation being entitled to a peremptory instruction at the conclusion of his evidence, therefore, he is without right to complain of the admission thereafter of incompetent evidence.

The uncontradicted evidence of the Melrose Properties, Incorporated, shows, after Dolle accepted the deed to the lots, their market value for some time exceeded the purchase price, and during this time he could have sold them for a profit, which he did not do. "The Florida boom" subsided, causing a depreciation of their market value. The deed was executed March 10, 1926. This action was filed in April, 1930, or practically four years after Dolle claims his money and notes were obtained by fraud and misrepresentation. The prayer of his answer is that the deed be canceled; he be restored the $1,200 cash paid thereunder, with interest, and his notes be canceled. If he were induced to accept the deed, part with his $1,200 cash, and execute and deliver his notes for the remainder of the purchase price, by fraud and misrepresentation, the deed and the notes were not void, but merely voidable. It was his duty to exercise promptly his right of election to rescind for such causes, as soon as he obtained knowledge of the fraud, whether the contract was an executed or an executory one. The right to rescind because of fraud or fraudulent representation must be asserted promptly. Central Life Insurance Company v. Taylor, 164 Ky. 844, 176 S. W. 373; Mackenzie v. Eschmann's Ex'rs, 174 Ky. 450, 192 S. W. 521, 523; Cox v. Riggins, 223 Ky. 510, 4 S. W. (2d) 403. Rescission is a remedy awarded only to the diligent. Hatcher-Powers Shoe Co. v. Bickford,

212 Ky. 163, 278 S. W. 615. The petition in such action should negative laches. Central Life Ins. Co. v. Taylor, supra.

In Mackenzie v. Eschmann's Ex'rs this principle was thus written:

> "It is the rule that a party to a contract obtained by fraud has but one election to repudiate or rescind the same. If he once determines his election, it is determined forever. Hence, if it is shown that he has, at any time after knowledge of the fraud, either by express words or by unequivocal acts, affirmed the contract, his election is irrevocable. By clearly manifesting his intention to abide by the contract, he condones the fraud, and is without remedy. He cannot with knowledge of the fraud enjoy the benefits of the contract, and then file an action for deceit. Hartford Life Ins. Co. v. Hanlon, 139 Ky. 346, 104 S. W. 729, 31 Ky. Law Rep. 990; Smith v. Lewisport Bank, 85 S. W. 219, 27 Ky. Law Rep. 406."

The same was quoted with approval in Cox v. Riggins.

Applying this principle to the allegations of the answer and viewing the facts adduced to sustain them, the verdict is abundantly supported by the evidence.

Perceiving no error prejudicial to the substantial rights of Dolle, the judgment is affirmed.