## Cooper et al. v. Ensor et al.

(Decided Nov. 19, 1937.)

PREWITT & PREWITT for appellants.

JOHN J. WINN for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellants are nine of the twelve children surviving their father, E. R. Ensor, who died testate in May 1935. The appellees are two sons duly qualified as administrators with the will annexed, and who were named as trustees under the will.

By clause 5 of the will, subject to the life estate of the widow therein, all real estate was left in trust to the two sons, with power to sell and convey to any purchaser the title to all real estate, and to divide the proceeds equally among the children then living, with certain directions as to disposition of any portion among grandchildren, if the first devisee be then dead. The trustees were authorized to "sell said property at such time and place, and in such manner and at such price as they may deem best." There is presented here no question of power.

In a petition filed on February 27, 1936, the plaintiffs, Mamie Cooper being the first one named, alleged that on February 17, 1936, the brothers caused to be sold, at the courthouse door in Mt. Sterling, 160 acres of land, "the property of the said S. B. Ensor, deceased, at the price of $50.10 per acre, Hubert Hale becoming the purchaser; that at the time of said sale the said Clarence and Stanley Ensor theretofore had a bona fide bid of $65.00 per acre for said tract from a purchaser or purchasers, who were ready, able and willing to buy the entirety of 160 acres," at the price of $65 per acre. They say that defendants rejected said bid and sold said land as above set out, "in violation of their duties as administrators and trustees." It is then said that by reason of their unlawful conduct in the sale of the land, and their breach of trust and from "apparent collusion between the defendants and the actual pur-

chaser, prospective purchasers were given the impression that same was being bid upon for the protection of the estate * * * and for that reason same was sold at the sacrifice price of $50.10 per acre, when said land was of the value of $75.00 per acre,'' resulting in a loss to the estate and damage to plaintiffs in the sum of $3,984. There followed an allegation that by acts as charged above, the trustees had violated the terms and conditions of their fiducial bond, and that by reason of the suretyship of a bonding company it was also liable for the amount of alleged damage to the heirs, and judgment was asked against both principals and the surety.

Appellees, defendants below, moved the court to strike certain portions of the petition; to require plaintiffs to make their petition more definite as to the alleged bidder or bidders, and facts as to their financial worth; the time, place, and circumstances of the alleged bid, and without waiving these motions, demurred generally. The court sustained the motion to require pleaders to make their petition more definite, and likewise sustained the general demurrer, with leave to amend.

Thereafter, plaintiffs filed an amended petition to which demurrer was sustained, with leave, and a second amended petition was later filed. In both amendments the allegations of the pleadings were substantially as contained in the original, with the additions in both, as we now note.

The first amendment charged that before the sale to Hale, the bona fide offer of $65 per acre was made by the plaintiff Mamie Cooper, to and rejected by the two brothers together and separately. In this pleading the measure of damages was changed from the difference in the sale price and the alleged value, and fixed at the difference in the price alleged to have been offered by Mamie Cooper and the sale price.

The second amended petition added to the original amendments these averments: ''That all during the offer to the brothers she was ready, able and willing to purchase * * *, and that defendants rejected said bid'' each and every time and refused and failed to give plaintiff a written contract for the sale of said land at above named price of $65 per acre; that at the time of the offers the two brothers ''unlawfully, falsely and

fraudulently told these plaintiffs, and especially this proposed purchaser, not to bid upon said land at said public sale, stating to them that in the event any of the heirs-at-law bid, said land would bring a sacrificial price for the reason that prospective purchasers, who were interested in the purchase * * * would not bid against any of the children. * * * That said false and fraudulent representations were made for the purpose and with the intention of precluding this plaintiff and other heirs-at-law from bidding at said sale and from purchasing said property." It is stated that plaintiff Mamie Cooper was present at the sale and would have bid same up to a price equal to $65 per acre had she not relied upon the misrepresentations of defendants aforesaid.

A demurrer was interposed to the petition as amended; upon submission the court sustained same, and the plaintiffs declined to plead further; whereupon their pleadings were dismissed, over objection, with exception; appeal prayed and granted.

In argument of counsel for appellants attention is specifically directed to the second amended petition, which, as we have attempted to show, was in part a verbal repetition of the original and first amendment with the additional allegations noted. It is argued that a trustee must exercise ordinary business prudence in the sale of trust property; that "one holding property in trust to sell and divide the proceeds is bound to exercise only the care of an ordinary business man, and cannot be held liable as for fraud and breach of trust if he secures the fair and reasonable value of the land." Winder v. Nock, 104 Va. 759, 52 S. E. 561, 3 L. R. A. (N. S.) 415. Counsel also cites the more recent case of Eaker v. Husbands, 263 Ky. 283, 92 S. W. (2d) 43, wherein we held that the trustee is required to exercise the care and diligence of ordinary prudent men in conducting their own business; that a trustee, while not an insurer, must exercise diligence in the manner above stated, and is not liable for a mere mistake in judgment. The case cited quotes a number of authorities both domestic and foreign, which show the rule as stated to be of general application, hence we agree that the position taken by appellant in regard to the duties and responsibilities of a trustee is a correct one.

However, we are to determine the correctness or·

incorrectness of the ruling of the court below in sustaining the demurrer, not upon the rule alone but upon the showing made by complainants calling for the application of the rule. The argument of appellant in urging error in sustaining the demurrer is based on the allegation that after receiving and rejecting the alleged bid, the appellees "falsely and fraudulently told these plaintiffs and especially this purchaser not to bid upon said land at public sale," since in the event any of the children entered the bidding, "said land would bring a sacrificial price," because prospective bidders would not enter the contest, and was made for the purpose of precluding the plaintiff and other heirs at law from bidding.

It may be noted that there is no allegation that any one of the heirs at law, save Mamie Cooper, evinced any intention of desiring to purchase. The sale of the particular 160 acres does not appear to have been made under order of court. That the sale was public and made at the courthouse door is shown by the pleading. It may be assumed, since there is no affirmation to the contrary, that the sale was duly advertised and properly conducted. It is not claimed that the *presence* of the appellant Mamie Cooper at the sale deterred any proposed buyer from advancing a bid.

The cause presented hinges on the allegation that the trustees or administrators "told these plaintiffs not to bid upon said land at public sale," because such action would result in preventing bids by prospective purchaser, and result in a "sacrificial sale," which—by the way—was the very thing plaintiffs say did happen, though the inference is strong that none of the plaintiffs, and surely Mamie Cooper, made a bid.

It will be noted that the appellees did not say to any one of the heirs at law that none of them could or had no right to bid or to purchase. The language used was only the expression of an opinion of the trustees as to the probable or possible effect of any of them appearing as bidders. We do not mean to say that the expression of opinion may not be the basis of an action for fraud. Dolle v. Melrose Properties, 252 Ky. 482, 67 S. W. (2d) 706. If a representation be merely an expression, there is no fraud, with this exception to the general rule, as well expressed in 26 C. J. 1093:

"The weight of authority holds that if the falsity of

the statement can be established, the misrepresentation of opinion, belief, or intent is an actionable representation of fact.''

Mrs. Cooper, present at the sale, had ample opportunity to test out the truth or falsity of the statements of appellee's, but she did not do this; she stood by and permitted the tract of land to be sold at the price stated when she had, as alleged, offered $65 per acre, and in the first pleading had fixed its actual value at $75 per acre. Mrs. Cooper, or any of the heirs, had the legal right to make a bid by themselves, or another, if the bid be bona fide. Manuel v. Haselden, 206 Ky. 796, 268 S. W. 554.

There is no allegation of a subsequent renewal of Mrs. Cooper's bid; nor is there any language used in the pleading from which it may be inferred that she was ready and willing to offer her former bid price, or had the ability to pay said price at the time the sale was made. In the absence of such averments, and in view of those made, the presumption might be indulged that she had changed her opinion as to the actual value of the property (Browder, Executrix v. Nourse, 199 Ky. 531, 251 S. W. 825), or had concluded for some other reason that she did not desire to purchase. As we view the pleadings here, we are inclined to the opinion that it is also technically defective in respect of the failure of the pleader to allege, in addition to the allegation of fraudulent statements, that the makers had knowledge of their falsity. It is not enough to merely allege the falsity, but knowlege thereof must be charged. Kalfus v. Davie's Executor, 164 Ky. 390, 175 S. W. 652.

The statements attributed to appellees as to the effect of a bid or bids by one of the children may have been of truth rather than falsity. However, as above noted, there is no reason suggested in brief or pleading, why Mrs. Cooper did not in some manner test the strength of the alleged statement. Neither she, nor other heirs at law (if present at the sale), made any suggestion of the previous bid of Mrs. Cooper. She did not privately or publicly renew her bid, or call attention to her former bid. She, and the other heirs at law, remained silent when she or they, if they were present and knowing of her alleged bid, should have spoken, or in some manner manifested their belief that

676

an injury to them was about to be committed. Appellants, by their own action, or rather inaction, are estopped to set up claim of injury, when it was so clearly within their power to have arrested damage.

We are of the conclusion that the court correctly sustained the demurrer to the petition as amended; therefore the judgment is affirmed.