### DUNN et ux. v. TATE.

Court of Appeals of Kentucky.

March 12, 1954.

As Modified on Denial of Rehearing
June 25, 1954.

James S. Chenault and Charles R. Coy, Richmond, for appellants.

George T. Ross and Shumate & Shumate, Richmond, for appellee.

CULLEN, Commissioner.

In October 1949 Charles R. Dunn and wife purchased from W. B. Tate a large dwelling house that had been converted into apartments. In January 1952 Dunn and wife brought this action against Tate, for damages, based on alleged false and fraudulent representations made by Tate's sales agent to the effect that the house was watertight and that the roof and basement did not leak. The petition alleged that after taking occupancy of the house the Dunns found that roof, walls and basement offered practically no resistance to the entry of water—in other words, the house "leaked like a sieve". The petition sought damages growing out of the misrepresentations.

After filing an answer consisting of a general denial, Tate filed an amended answer embracing four paragraphs, in which he asserted certain affirmative defenses. The plaintiff's demurrer to the amended answer was overruled as to the first three paragraphs, and upon the plaintiffs declining to plead further their petition was dismissed. They appeal.

The first paragraph of the amended answer asserted in substance that the written contract of sale entered into between the parties embodied the entire agreement, and that any and all oral representations were merged in the written contract. The entire contract was set forth at length in the amended answer, but the part particularly relied upon by Tate is the first paragraph, which reads as follows:

"Through S. A. Richardson, I hereby agree and offer to pay the sum of $12,600 for the following described property located on the west end of Langford Court, south side, consisting

of a brick house and lot now owned by W. B. Tate and/or wife with all improvements thereon, including any and all shades, screens, and all permanent and attached fixtures just as the residence is constructed."

■■ Tate recognizes the general rule that false and fraudulent representations made by a vendor to induce the purchaser to enter into the contract are not merged in the contract, and that proof of such representations is not barred by the parol evidence rule. Adams v. Fada Realty Co., 305 Ky. 195, 202 S.W.2d 439. However, he calls attention to another rule, which is that oral agreements or representations cannot be proved or relied upon if they contradict a positive provision of the written contract. Dreyer-Whitehead & Goedecke, Inc. v. Land, 309 Ky. 113, 216 S.W.2d 413; Hopkinsville Motor Co. v. Massie, 228 Ky. 569, 15 S.W.2d 423.

■ Tate contends that the phrase "just as the residence is constructed," in the portion of the contract quoted above, constitutes a positive and express agreement that the Dunns were to take the house "as is," with no warranty as to condition. We think that the phrase, taken in its context, rather means that the Dunns were to be entitled to all fixtures and appurtenances attached to the house as of the time of sale. At the very least, the phrase is ambiguous, and we are not willing to apply the rule laid down in the cases relied upon by Tate except in situations where the written contract is clear and unambiguous concerning the point on which parol evidence is sought to be introduced.

It is our opinion that the court erroneously overruled the demurrer to the first paragraph of the amended answer.

The second and third paragraphs of the amended answer present a theory of estoppel or laches, based on the fact that the Dunns, after discovering the allged defects in the house, went ahead and completed their obligations under the contract by paying notes for a deferred portion of the purchase price, and by making payments on a mortgage assumed by them; and they occupied the house for more than two years, collecting rents from tenants of the apartments, without making any complaint to Tate.

While Tate concedes the rule that a defrauded purchaser has an election either to rescind or to sue for damages, he maintains that the purchaser not only must make the election promptly, but must pursue promptly whichever remedy he elects. This argument is based upon some language in Cox v. Riggins, 223 Ky. 510, 4 S.W.2d 403, and Dolle v. Melrose Properties, Inc., 252 Ky. 482, 67 S.W.2d 706, to the effect that if a defrauded purchaser does not move promptly to rescind the contract, he not only waives his right to rescind but also his right to sue for damages. The language in question was taken from Mackenzie v. Eschmann's Ex'rs, 174 Ky. 450, 192 S.W. 521. In all three of these cases the language was obiter dictum, because each of the cases involved a suit to rescind and not an action for damages. Tate maintains that the Mackenzie case was not a rescission case, but the fact is that the defrauded party in that case was seeking to avoid all liability on a note for a portion of the purchase price, which was in effect an effort to rescind the contract in part.

Tate further relies upon Hartford Life Ins. Co. v. Hanlon, 139 Ky. 346, 104 S.W. 729, Summers v. Carpenter, 156 Ky. 337, 160 S.W. 1064, and Johns v. Masterson, 176 Ky. 399, 195 S.W. 819. The Hanlon case was in reality a rescission case, although denominated an "action in deceit," because there the plaintiff, alleging fraud in the inducement for a life insurance policy, was seeking to recover *all* of the premiums he had paid on the policy. In addition, the plaintiff in that case had enjoyed insurance protection on his life, under an executory contractual obligation of the insurance company, during the period he refrained from seeking relief for the alleged fraud. In the Carpenter case, the ultimate relief sought again was rescission, because the defrauded party was asking that *all* of his money be returned to him. Further-

more, in that case the defrauded party had abandoned the purchased property, and executed a note and mortgage in full settlement of his liabilities under the original contract, after he had discovered the alleged fraud. In the Masterson case, the relief prayed for was rescission, but the lower court granted damages. In reversing, this Court found that there was no fraud, but said in addition that the plaintiff was guilty of laches in not sooner seeking relief. The court cited the Mackenzie case and apparently relied upon the erroneous dicta in that case.

■ We conceive the correct rule to be that failure of the defrauded party to act promptly will result in the loss of the right to rescind, leaving only the right to sue for damages. Stated in another way, a failure to act promptly constitutes an election of the remedy of damages. National Life Co. v. Wilkerson's Adm'r, 254 Ky. 459, 71 S.W. 2d 1034; Head v. Oglesby, 175 Ky. 613, 194 S.W. 793, 795; Central Life Ins. Co. v. Taylor, 164 Ky. 844, 176 S.W. 373; Culton v. Asher, 149 Ky. 659, 149 S.W. 946; Williston on Contracts, Rev. Ed., Vol. 5., p. 4272, sec. 1526; 24 Am.Jur., Fraud and Deceit, sec. 207, p. 31.

In 24 Am.Jur., Fraud and Deceit, sec. 213, pp. 40, 41, the general rule is stated to be that "an affirmance of the contract is not a waiver of the right to recover damages for the fraud, particularly where the contract is executed." These further statements are made (p. 41):

"* * * Nor does adherence to the contract waive fraud therein. Where the contract was for the purchase of a business, the continuance of the business, with knowledge of the fraud, is not a waiver of the fraud. Nor is the fraud waived by the act of the purchaser of property in selling it, offering it for sale, or paying for it in whole or in part. * * *"

■ There is no basis in the case before us for applying the doctrine of estoppel, because there is no allegation in the amended answer that Tate changed his po-

sition to his detriment, or suffered any disadvantage by reason of the delay of the Dunns in bringing their action for damages.

■ In the absence of unusual circumstances, an action for damages for deceit should be permitted to be brought within any period of time allowed by the statute of limitations.

It is our opinion that the court erred in overruling the demurrer to the second and third paragraphs of the amended answer.

The judgment is reversed, with directions to set it aside and to enter an order sustaining the demurrer to the amended answer.